■ In the Matter of 61 JANE STREET ASSOCIATES, Appellant, v NEW YORK CITY CONCILIATION AND APPEALS BOARD et al., Respondents. — Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered on May 23, 1984, affirmed, without costs and without disbursements, for the reasons stated by Edward Greenfield, J., at Special Term. Concur — Murphy, P. J., Sullivan and Asch, JJ.

Kupferman, J., dissents in a memorandum as follows: The petitioner-appellant landlord appeals from a denial of its CPLR article 78 challenge seeking to annul a determination of the Conciliation and Appeals Board (CAB) which reduced the rent of a rent-stabilized apartment.

I would reverse and remand for a new calculation. While the rent should be reduced, the formula used by the CAB in arriving at its conclusion is, under the circumstances here, unfair and unreasonable.

The landlord could not supply a history of the subject apartment's rent, having been the owner only for a few years.

Under the circumstances, the regulations of the CAB require that the legal rent be determined as the lowest rent in the same line of apartments in the building. This resulted in a figure much lower than that actually claimed by the tenant as having been the prior rent, resulting in a very substantial back-rent payment to be made to the tenant. If we accept the tenant's figure, then the amount of refund due to the tenant would be substantially less.

While it is perfectly acceptable for the CAB to have a rule of thumb to substitute for the lack of records, the said rule of thumb should be rational, and when the tenant has a specific figure, to insist on a lesser figure because of the rule "makes no sense." (*Matter of Century Operating Corp. v Popolizio*, 60 NY2d 483.) Moreover, we are not bound by the agency's construction in this specific situation when we have the tenant's own allegation. (*See, Matter of Action Elec. Contrs. Co. v Goldin*, 64 NY2d 213, 221.)

There is no contention that the landlord willfully prevented access to the actual figures which might possibly invoke a punitive "lowest rent."