■ SOL B. COHEN, Appellant, v MANUEL MIRABAL, as Deputy Commissioner of the Division of Housing and Community Renewal, Office of Rent Administration, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Division of Housing and Community Renewal (hereinafter DHCR), dated January 15, 1987, which found that the petitioner's rent was not above the legal limit, the petitioner appeals from a judgment of the Supreme Court, Kings County (Williams, J.), dated June 16, 1987, which confirmed the determination and dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, without costs or disbursements.

In February 1983 the petitioner filed a complaint with the respondent's predecessor, the New York City Conciliation and Appeals Board (hereinafter CAB), alleging a possible rent overcharge. The CAB sent the landlord a copy of the complaint and an answer form which advised the landlord to provide complete copies of all leases for the subject apartment since the applicable base rent date, which was May 31, 1968, for apartments which had been continuously subject to the Rent Stabilization Law, and June 30, 1974, for apartments which became stabilized as a result of the Emergency Tenant Protection Act of 1974. However, the form also advised the landlord that his answer would be deemed incomplete only if he failed to provide rent records without any gap since at least June 30, 1974. The landlord submitted rent records covering the years 1974 through the date of the complaint, alleging that it had purchased the building in 1973 and did not have records prior to 1974. On February 27, 1986, the District Rent Administrator issued an order in which he found that no rent overcharge existed based on the rent records submitted by the landlord.

In March the petitioner filed for administrative review

claiming that the base rent date for his apartment was May 31, 1968, and therefore the landlord should have been required to provide rent records back to that date. In response the landlord submitted additional leases for the subject apartment beginning in November 1970 which were located after a further search of the building's records. In a decision dated January 15, 1987, the Commissioner affirmed the order of the Rent Administrator. Although the base rent date for the subject apartment was May 31, 1968, the owner by supplying rent records going back to June 1974 had met his burden under the law. Pursuant to procedures adopted in August 1982 the CAB had "modified what documents were necessary to satisfy an owner's obligation to produce prior rent records. The procedures provided that every owner was obligated to produce rent records going back to at least June 30, 1974 or the apartment's entry into stabilization, whichever was later".

The petitioner claims that the procedures adopted by the CAB in 1982 are invalid since they allow DHCR to substitute June 30, 1974, as a base rent date where a landlord is not able to provide a full rental history back to the actual base rent date of May 31, 1968. He argues that these procedures are irrational since they conflict with the provisions of Code of the Rent Stabilization Association of New York City, Inc. § 42 (A) which requires landlords to retain leases back to May 1968 if that is the applicable base rent date. The DHCR argues that it selected June 30, 1974, as an alternate base rent date because that was the date on which the provisions of the Emergency Tenant Protection Act of 1974 (see, L 1974, ch 576) first became applicable to most housing units.

Where a landlord was unable to provide rent records from at least June 30, 1974, the procedures empowered the Board to use a three-pronged test to determine an apartment's legal rent. This test has been specifically upheld by the courts (see, Matter of 61 Jane St. Assocs. v New York City Conciliation & Appeals Bd., NYLJ, May 9, 1984, at 11, col 4 [Sup Ct, NY County], affd 108 AD2d 636, affd 65 NY2d 898). It should also be noted that under Laws of 1974 (ch 576, § 6 [a], [e] [10]) the CAB was empowered to do "all things necessary or convenient to carry out the purposes [of the act] and exercise its powers". The court in Matter of 61 Jane St. Assocs. v New York City Conciliation & Appeals Bd. (supra) recognized that prior to the adoption of the 1982 procedures the CAB had been forced to expel many buildings and apartments from rent stabilization because of the failure of owners to comply with the exact requirements of the Code of the Rent Stabilization Association

of New York City, Inc. § 42 (A). The new procedures furthered the general purpose of rent stabilization to provide safeguards against unreasonably high rent increases and in general to protect tenants and the public interest (Code of Rent Stabilization Association of NY City, Inc. § 35; *Matter of 61 Jane St. Assocs. v New York City Conciliation & Appeals Bd., supra).* We cannot say that the procedures in question are " 'so lacking in reason * * * that [they are] essentially arbitrary' " *(Matter of Bernstein v Toia,* 43 NY2d 437, 448, *rearg denied* 43 NY2d 950). Therefore the decision of the Commissioner was properly confirmed. Mangano, J. P., Bracken, Lawrence and Spatt, JJ., concur.