*413 OPINION OF THE COURT
Nat H. Hentel, J.
This is a CPLR article 78 proceeding to review respondent’s final order dated September 29, 1989 modifying his prior order dated June 30, 1989 and affirming the District Rent Administrator’s order dated September 23,1986.
Petitioner owns an apartment building in Queens County. Under the prior owner, apartment 2 in the building ceased to be rent controlled and became subject to the Rent Stabilization Law (Administrative Code of City of New York former § YY51-1.0 et seq. [now § 26-501 et seq.]) when the apartment was vacated on October 30, 1976. Lois' Davis, the first rent-stabilized tenant, negotiated, subject to a fair market rent appeal, the initial regulated rent reserved in her lease. She never filed a fair market rent appeal. On October 1, 1980, several years after petitioner acquired the property, Olga Pejerrey, the present tenant, succeeded Davis and began to occupy the apartment.
On June 26, 1984 petitioner served upon the present tenant a copy of the initial registration statement for the apartment. On August 30, 1984 the tenant filed an objection to the registration. Thereafter, respondent notified petitioner as to the objection, advising him that the tenant challenged the initial regulated rent. Among other things, respondent requested that petitioner submit a copy of the notice of the initial regulated rent and proof that it was served. In response to the objection, petitioner submitted copies of the report of statutory decontrol, bills for replacing two kitchen appliances in the apartment and leases covering the period from November 30, 1976 to September 30, 1987. Petitioner advised respondent that the prior owner was deceased and that he could not confirm whether a notice of the initial regulated rent was ever served. He submitted no data as to the rents charged for comparable apartments. The District Rent Administrator applied a special New York City rent guideline order and determined that the initial regulated rent for the apartment exceeded the fair market rent. For reasons not relevant here, the refund awarded by the District Rent Administrator was reduced on the administrative review. After reconsideration, the refund was fully reinstated in respondent’s final order. Petitioner then commenced this proceeding.
There is no merit to petitioner’s contention that the tenant’s objection may not be treated as a fair market rent *414 appeal because the first rent-stabilized tenant waived any objection when she failed to file her own appeal. The 90-day period within which to file a fair market rent appeal begins to run when the notice of the initial regulated rent is served. (Administrative Code § 26-513 [b] [1] [former § YY51-6.0.2 (b) (1)]; 9 NYCRR 2522.3 [a], [c] [2].) The only evidence that the 90-day period ever commenced was submitted for the first time in this proceeding. The court may not consider evidence not contained in the administrative record. (Matter of Fanelli v New York City Conciliation & Appeals Bd., 58 NY2d 952, affg 90 AD2d 756.) Further, there is no proof that the notice of the initial rent was mailed in accordance with Administrative Code former § YY51-6.0.2 (d) (now § 26-513 [d]). Petitioner’s failure to obtain the appropriate records from the prior owner may not be excused. (See, Matter of 61 Jane St. Assocs. v New York City Conciliation & Appeals Bd., 65 NY2d 898, affg 108 AD2d 636, affg NYLJ, May 9, 1984, at 11, col 4.)
Nevertheless, it cannot be said that there is no merit to petitioner’s contention that respondent improperly determined the fair market rent for the apartment using criteria superseded when the Rent Stabilization Code (9 NYCRR 2520.1 et seq.) became effective on May 1, 1987. Preliminarily, the court notes that 9 NYCRR 2529.10 provides that the Rent Stabilization Code shall apply to pending cases where, as here, the petition for administrative review was filed after March 31, 1984. 9 NYCRR 2522.3 (e) specifically prescribes comparability data different from that previously required by respondent under Administrative Code § 26-513 (b) (1) (former § YY516.0.2 [b] [1]) prior to May 1, 1987. Inasmuch as the petition for administrative review in this matter was filed before the effective date of the Rent Stabilization Code, it cannot be said that petitioner was given a full opportunity to submit proper comparability data.
It might be argued that 9 NYCRR 2522.3 does not apply in this case because the tenant took occupancy of the apartment prior to April 1, 1984 and she was not the first rent-stabilized tenant. According to 9 NYCRR 2522.3 (a), a fair market rent appeal is limited to tenants who took occupancy after March 31, 1984. The only exception is provided in a case "where the first tenant taking occupancy after December 31, 1973, of a housing accommodation previously subject to the City Rent Law, was served with the notice required by section 26 of the former Code of the Rent Stabilization Association of New York City, Inc.” (9 NYCRR 2522.3 [a]; cf., 9 NYCRR 2521.1 [a] *415 [1]; [c].) However, any construction of the regulations which would preclude the fair market rent appeal in this case or the use of the criteria set forth in 9 NYCRR 2522.3 (e) could not be sustained, since it would contradict Administrative Code § 26-513 (b) (1) (former § YY51-6.0.2 [b] [1]) and would be unreasonable and irrational.
Accordingly, the petition is granted to the extent that the matter is remitted to respondent. If so advised, petitioner may, within 20 days after service of a copy of the order to be entered hereon, submit to respondent comparability data in accordance with 9 NYCRR 2522.3 (e). Thereafter, respondent shall redetermine the fair market rent for the apartment in accordance with the Rent Stabilization Code and shall properly recalculate the lawful increases to that rent, taking into account the costs of the two kitchen appliances.