■ In the Matter of 47-40 41ST REALTY CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [638 NYS2d 755]

It is well established that, when reviewing a determination of an administrative agency, the court's inquiry is limited to whether the determination is arbitrary or capricious or without a rational basis in the record and a reasonable basis in law (*Matter of Ista Mgt. v State Div. of Hous. & Community Renewal*, 161 AD2d 424, 426; *Matter of Drizin v Commissioner of Div. of Hous. & Community Renewal*, 140 AD2d 605, 606; *Matter of Plaza Mgt. Co. v City Rent Agency*, 48 AD2d 129, 131, *affd* 37 NY2d 837). The court should refrain from substituting its judgment for that of the administrative agency (*Fresh Meadows Assocs. v New York City Conciliation & Appeals Bd.*, 88 Misc 2d 1003, *affd* 55 AD2d 559, *affd* 42 NY2d 925). Furthermore, an administrative agency's interpretation of the statutes and regulations that it administers, if reasonable, must be upheld (*Matter of Seales v Mirabal*, 152 AD2d 672, 674).

We agree with the Supreme Court that the determinations of the New York State Division of Housing and Community renewal (hereinafter DHCR) have a reasonable basis in law, a rational basis in the record and are neither arbitrary nor capricious. The petitioner's reliance upon a September 1989 stipulation which discontinued a holdover proceeding and in which the tenant purportedly waived the protections of the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4) is misplaced. Under section 2520.13 of the Rent Stabilization Code (9 NYCRR): "An agreement by the tenant to waive the benefit of any provision of the RSL or this Code is void; provided, however, that based upon a negotiated settlement between the parties and with the approval of the DHCR, or a court of competent jurisdiction where a tenant is represented by counsel, a tenant may withdraw, with prejudice, any complaint pending before the DHCR" (9 NYCRR 2520.13).

The DHCR did not approve the stipulation in this case, nor is there any evidence in the record that the Civil Court of the City of New York, before which the holdover proceeding was pending, reviewed and approved it. Accordingly, the DHCR properly refused to enforce the purported waiver provision of the stipulation (*see, Matter of 430 Realty Corp. v New York State Div. of Hous. & Community Renewal,* 196 AD2d 725). Balletta, J. P., Joy, Krausman and Florio, JJ., concur.