■ In the Matter of JACOB M. WEINREB, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and RICHARD O. BERNER, Intervenor-Respondent. [741 NYS2d 38] —Order, Supreme Court, New York County (William Wetzel, J.), entered March 16, 2001, which denied and dismissed appellant landlord's petition brought pursuant to CPLR article 78 to annul respondent Division of Housing and Community Renewal's (DHCR) determination, dated September 6, 2000, finding the landlord's DC-2 notice of initial regulated rent defective, establishing a fair market rent of $838.27 for the subject tenant's apartment, and directing the

landlord to a refund excess rent of $69,270.70 to the tenant, unanimously affirmed, without costs.

Petitioner's argument that the Rent Administrator exceeded the scope of the remand order by ruling as to the adequacy of the DC-2 notice (*see,* Rent Stabilization Code [RSC] [9 NYCRR] § 2523.1) served on the subject apartment's first stabilized tenant, is not preserved, not having been raised by petitioner on remand (*see, Matter of E.G.A. Assoc. v New York State Div. of Hous. & Community Renewal,* 232 AD2d 302). Were we to review the claim, we would find it to be without merit, since the matter had been remanded to the Rent Administrator, with no express limitation, to review, inter alia, whether there had been proper service of the DC-2 notice upon the tenant. The Rent Administrator properly informed the parties (*see generally,* RSC § 2527.8), that he would consider the right of the tenant in occupancy to challenge the initial rent for the subject apartment, which issue entailed consideration of the adequacy of the DC-2 notice (*see, e.g., Matter of Estate of Goldman v New York State Div. of Hous. & Community Renewal,* 228 AD2d 192, *lv denied* 89 NY2d 805).

The Rent Administrator's determination that the DC-2 notice was materially defective where the landlord failed to provide the 1974 maximum rent for the subject apartment, as required by the DC-2 notice form, was rationally based (*see, Matter of Weinreb Mgt. v State Div. of Hous. & Community Renewal,* 231 AD2d 474). The former tenant's statement that he was not misled by the defective DC-2 notice and knowingly elected to forego a fair market rent appeal is ineffective to remedy the defective notice and may not be utilized to foreclose the right of a subsequent tenant to commence a fair market rent appeal (*see, Matter of McKenzie v Mirabal,* 155 AD2d 194, 199).

DHCR's decision not to utilize, as comparable apartment rents, rents from units in a neighboring building submitted by petitioner landlord, was not arbitrary and capricious, but rationally based on DHCR's guidelines—of which petitioner had been given written notice—requiring that rental data be submitted for each apartment in the same vertical line as the proposed regulated comparable apartment so as to ensure an objective and accurate sampling. Petitioner landlord did not comply with this guideline in supplying comparability data, as it was his burden to do (*see generally, Matter of Ullman Estates v New York City Conciliation & Appeals Bd.,* 97 AD2d 296, *affd* 62 NY2d 758). Further, it was not arbitrary for DHCR to utilize the one comparable apartment from the subject tenant's building supplied by the landlord, for purposes of determining

the fair market rent of the subject tenant's apartment. Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Lerner, JJ.