■ In the Matter of 85 EASTERN PARKWAY CORP., Respondent-Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. ALISON KELLEY et al., Intervenors-Appellants-Respondents. [747 NYS2d 115]

The intervenors, Alison Kelley and Ben Rivera, were tenants of the subject apartment in a building presently owned by the petitioner, 85 Eastern Parkway Corp. (hereinafter the landlord). The apartment had been rent-controlled while occupied by a previous tenant who allegedly paid monthly rent in the sum of approximately $250. When the intervenors gained occupancy from the landlord's predecessor in 1990, they signed a two-year lease at a monthly rent of $900. The names of both intervenors appeared on the 1990 lease.

In May 1993, the intervenors filed a rent-overcharge complaint and a decreased services complaint with the respondent New York State Division of Housing and Community Renewal (hereinafter the DHCR) against the prior owner. The rent-overcharge complaint alleged, inter alia, that their then current monthly rent of $950 exceeded the legal rent on their rent-stabilized apartment. The complaint forms provided only one signature line, and they were signed by only one tenant, Ben Rivera.

In July 1993, Rivera allegedly withdrew both complaints after the prior owner agreed to make repairs in the apartment. Rivera later claimed that he signed the notice of withdrawal under duress. Alison Kelley refused to sign the notice. The prior owner's answers to the complaints thus rested upon Rivera's purported withdrawal.

The DHCR did not immediately acknowledge Rivera's purported withdrawal of the complaints. The DHCR wrote to the intervenors requesting additional information, and upon receiving no response, it closed the decreased services case; the rent-overcharge case apparently remained open.

The landlord purchased the building in March 1995. When the landlord advised the DHCR in 1996 that the rent-overcharge matter should also have been deemed terminated, the DHCR again sought further information from the intervenors. By this time, however, Rivera had moved from the apartment, and Alison Kelley opposed the landlord's request, arguing, inter alia, that because she had never signed the withdrawal notice, she never withdrew her complaints.

In the determination under review, the DHCR ultimately concluded that the landlord (and the prior owner) had overcharged the intervenors in the total sum of $51,419.33. The landlord thus commenced the instant proceeding to annul the DHCR's determinations. The Supreme Court granted the landlord's petition, holding, inter alia, that Rivera's withdrawal of both complaints was effective as to both intervenors, and that the DHCR's determination of the merits of the withdrawn overcharge matter was arbitrary and capricious. In the order dated July 27, 2001, the Supreme Court granted the branch of the intervenors' motion which was for leave to intervene, but denied their application to vacate the judgment in favor of the landlord. They now appeal.

When reviewing a determination of the DHCR, the court's inquiry is limited to whether the determination is arbitrary or capricious or without a rational basis in the record and a reasonable basis in law. The court may not substitute its judgment for that of the DHCR. The DHCR's interpretation of the statutes and regulations it administers, if reasonable, must be upheld (see Matter of 47-40 41st Realty Corp. v New York State Div. of Hous. & Community Renewal, 225 AD2d 547).

Here, there is a rational basis for the DHCR's determination concerning the merits of the intervenors' rent-overcharge complaint, and for its conclusion that the rent-overcharge matter had not been effectively withdrawn. Rivera's purported withdrawal of the intervenors' complaint constituted a waiver

of a benefit under the Rent Stabilization Code, and was invalid as a matter of public policy because it was not approved by the DHCR or a court of competent jurisdiction (*see* 9 NYCRR 2520.13; *Draper v Georgia Props.,* 230 AD2d 455, *affd* 94 NY2d 809; *see also Matter of Miller v Division of Hous. & Community Renewal,* 289 AD2d 20, *lv denied* 98 NY2d 604; *390 W. End Assoc. v Baron,* 274 AD2d 330; *Matter of 47-40 41st Realty Corp. v New York State Div. of Hous. & Community Renewal, supra*). The Supreme Court therefore erred in vacating the DHCR's determination on the merits of the overcharge complaint on the strength of that waiver. Accordingly, we reinstate the DHCR's determination that the landlord overcharged the intervenors.

The landlord's remaining contentions are without merit (*see Matter of Weinreb v New York State Div. of Hous. & Community Renewal,* 293 AD2d 397). Santucci, J.P., S. Miller, Krausman and Goldstein, JJ., concur.