■ In the Matter of INEZ MELENDEZ, Petitioner, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. (Proceeding No. 1.) In the Matter of YEN BACK VU, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. (Proceeding No. 2.) [756 NYS2d 891] —In related proceedings pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated July 20, 2001, modifying a determination of the District Rent Administrator, dated June 15, 2000, and award-

ing the tenant, Inez Melendez, a refund for rent overcharges, the landlord, Yen Bach Vu, appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Harkavy, J.), dated February 11, 2002, as denied her petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The court's inquiry in this case is limited to whether the determination of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) was arbitrary or capricious, without a rational basis in the record and without a reasonable basis in the law (see CPLR 7803 [3]; *Matter of Heintz v Brown,* 80 NY2d 998, 1001 [1992]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231 [1974]; *Matter of 47-40 41st Realty Corp. v New York State Div. of Hous. & Community Renewal,* 225 AD2d 547 [1996]). Based on a reasonable interpretation of the Rent Stabilization Code (see 9 NYCRR 2520.1 *et seq.*) the DHCR found that the subject apartment was not exempt from the code during the period under review on the ground that the tenant was charged a preferential rent (see 9 NYCRR 2520.11 [m]). The DHCR further found that since there was no written agreement between the parties, pursuant to 9 NYCRR 2521.2, the preferential rent, subject to adjustments, "shall remain in effect until such tenant vacates." The DHCR's interpretation of the regulations administered by it is entitled to deference. Under the circumstances of this case, its determination should be upheld (see *Matter of Salvati v Eimicke,* 72 NY2d 784 [1988]).

The landlord's remaining contentions are either unpreserved for appellate review or without merit. Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.