■ In the Matter of SEYMOUR KRAMER et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 430 REALTY COMPANY, Intervenor-Respondent. [760 NYS2d 838] —Judgment, Supreme Court, New York County (William Wetzel, J.), entered April 29, 2002, which denied petitioners' CPLR article 78 challenge to a determination of the respondent agency, dated August 23, 2001, which, inter alia, set the initial 1980 legal rent for the subject apartment at $607.59 per month, deemed the leases renewed, and adjusted the rent to $1,245.99 for 2001, thereby resulting in arrears in the amount of $107,601.05 due the intervenor landlord, unanimously affirmed, without costs.

The agency's use of the 1980-1981 maximum base rent and certain electrical, labor and service adjustments to calculate the initial legal rent was rationally based. The agency's exercise of its broad equitable power to deem the parties to have entered into renewal leases during the pendency of this matter was appropriate in light of the unique circumstances of this case, including the uncertainty of the rent classification

status of the subject apartment and the adjoining apartment, with which it had been combined, and the long passage of time during which the parties disputed the matter (see Rent Stabilization Code [9 NYCRR] § 2522.7). Petitioners have not demonstrated any prejudice warranting an annulment of the arrears, which the agency directed to be paid over a 36-month period, thereby alleviating the difficulty of paying a lump-sum amount. Concur—Buckley, P.J., Tom, Rosenberger, Ellerin and Williams, JJ.