■ In the Matter of W 54-7 LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [835 NYS2d 38]—

Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered April 19, 2006, which denied petitioner landlord's application to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR) establishing the legal rent for the subject rent-stabilized apartment, and dismissed the petition, unanimously affirmed, without costs.

The statements made by Supreme Court in a prior action brought by petitioner against the tenants for a declaration that the subject apartment is rent stabilized, and seeming to determine the base date, were dicta, not relevant to the issue of stabilized status, not final on the issue of legal rent, inconsistent with the court's acknowledgment that establishment of legal rent was a matter for DHCR, and not binding on DHCR. In establishing the legal rent on petitioner's application under Rent Stabilization Code (9 NYCRR) § 2522.6, DHCR's reliance on a schedule of fair market rents maintained by the Department of Housing and Urban Development was consistent with DHCR's broad equity discretion to issue orders "with due regard for protecting tenants and the public interest against unreasonably high rent increases" (9 NYCRR 2522.7), at least where petitioner's comparables were for apartments that were not subject to rent stabilization and petitioner failed to submit any information as to how the rents for its claimed comparables were calculated (*see Matter of Parcel 242 Realty v New York State Div. of Hous. & Community Renewal*, 215 AD2d 132, 134 [1995], *lv denied* 86 NY2d 706 [1995]; *cf. Matter of Weinreb v New York State Div. of Hous. & Community Renewal*, 293 AD2d 397, 398 [2002], *lv denied* 98 NY2d 610 [2002]). The legal rent was properly made effective as of 30 days after the filing of petitioner's application (9 NYCRR 2522.2), and, given a determination that doubled the rent, it was not arbitrary and capricious for DHCR to direct that arrears be paid over a two-year period (*see Matter of Kramer v New York State Div. of Hous. & Community Renewal*, 306 AD2d 172 [2003], *lv denied* 2 NY3d 707 [2004]). We have considered petitioner's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman, McGuire and Malone, JJ.