■ In the Matter of CAROL A. DELILLO, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [845 NYS2d 821]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated August 2, 2005, which, inter alia, denied the petition for administrative review and confirmed a determination of the Rent Administrator, dated February 4, 2005, finding that the subject apartment was owner-occupied decontrolled and was not subject to regulation under the Rent Stabilization Law and Code, the petitioner appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated November 22, 2006, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

In reviewing a determination made by an administrative agency such as the New York State Division of Housing and Community Renewal (hereinafter the DHCR), the court's inquiry is limited to whether the determination is arbitrary and capricious, or without a rational basis in the record and a reasonable basis in law (*see* CPLR 7803 [3]; *Matter of Classic Realty v New York State Div. of Hous. & Community Renewal*, 2 NY3d 142 [2004]; *Matter of Melendez v New York State Div. of Hous. & Community Renewal*, 304 AD2d 580; *Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal*, 297 AD2d 675 [2002]; *Matter of 47-40 41st Realty Corp. v New York State Div. of Hous. & Community Renewal*, 225 AD2d 547 [1996]). An agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable (*see Matter of Melendez v New York State Div. of Hous. & Community Renewal*, 304 AD2d 580; *Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal*, 297 AD2d 675 [2002]; *Matter of 47-40 41st Realty Corp. v New York State Div. of Hous. & Community Renewal*, 225 AD2d 547 [1996]).

The determination of the DHCR's Rent Administrator that

the subject apartment was owner-occupied decontrolled and not subject to rent control had a reasonable basis in law and a rational basis in the record, and was not arbitrary and capricious. The petitioner tenant (hereinafter the tenant) initially asserted that her grandmother, who owned the subject building until 1960, lived in the subject apartment with the tenant and the tenant's immediate family until she sold the building in 1960 and moved into a different apartment. It was not until after the Rent Administrator determined, on this basis, that the subject apartment had become owner-occupied decontrolled, that the tenant claimed, in her request for reconsideration and in her petition for administrative review, that her grandmother had resided at least partially in another apartment besides the subject apartment until she moved to a different apartment in 1960. Additionally, the tenant never claimed or established either that her grandmother did not reside in the subject apartment for at least one year before she moved to a different apartment, or that her parents paid rent to her grandmother while the tenant's grandmother resided in the subject apartment. The DHCR thus reasonably interpreted section 2200.2 (f) (11) of the New York City Rent and Eviction Regulations (9 NYCRR 2200.1 *et seq.*) in finding that the subject apartment was owner-occupied decontrolled in or about 1959. Pursuant to that provision, "[h]ousing accommodations rented after April 1, 1953, which were or are continuously occupied by the owner thereof for a period of one year prior to the date of renting" are not subject to the Rent and Eviction Regulations (9 NYCRR 2200.2 [f] [11]).

Moreover, the Commissioner reasonably upheld the Rent Administrator's finding that the subject building was not subject to the Rent Stabilization Code (*see* 9 NYCRR 2520.1 *et seq.*), because it contains fewer than six apartments. Pursuant to Rent Stabilization Code § 2520.11 (d), "buildings containing fewer than six housing accommodations on the date the building first became subject to the RSL [Rent Stabilization Law]" are not subject to regulation pursuant to the Rent Stabilization Law (9 NYCRR 2520.11 [d]). Prior to asserting her contrary claims made after the Rent Administrator's determination, the tenant never asserted that there were more than five apartments in the subject building. Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.