■ In the Matter of Bondam Realty Associates, L.P., Petitioner, and 506-524 W. 173 LLC, Respondent, v New York State Division of Housing and Community Renewal, Appellant, et al., Respondent. [898 NYS2d 9]—

Order and judgment (one paper), Supreme Court, New York County (Paul G. Feinman, J.), entered on or about December 10, 2008, granting the petitions to annul a determination of respondent Division of Housing and Community Renewal (DHCR), dated February 28, 2008, which found petitioners jointly and severally liable for rent overcharges and treble damages, to the extent of remanding the proceeding brought pursuant to CPLR article 78 to DHCR for recalculation of the base rent based on the rent registration on record and for reconsideration of whether petitioner 506-524 W. 173 LLC's overcharge was willful, unanimously modified, on the law, to deny the petitions to the extent they seek to annul DHCR's calculation of the legal regulated rent and the imposition of treble damages for overcharges during the period of petitioner Bondam Realty Associates' ownership of the building, and otherwise affirmed, without costs.

After respondent tenant commenced the rent overcharge proceeding in October 2006, DHCR repeatedly asked petitioner Bondam to provide rent records, including leases and rent

ledgers, in order to determine the correct legal regulated rent. Bondam did not respond until March 2007, when it informed DHCR that, as of February 12, 2007, petitioner 506-524 was the owner of the building. 506-524 responded that it could not provide the records because of a fee dispute between Bondam and its former property managers. However, neither Bondam nor 506-524 ever provided the Rent Administrator with any evidence that Bondam was involved in litigation with its property managers or that 506-524 had sought to intervene in that litigation. Given the owners' failure to produce any rent records or any proof to substantiate the alleged reason for the absence of records, DHCR's resort to its default procedure to establish the base rent was not arbitrary and capricious (*see Matter of Mangano v New York State Div. of Hous. & Community Renewal*, 30 AD3d 267, 267 [2006]; *Matter of 61 Jane St. Assoc. v New York City Conciliation & Appeals Bd.*, 108 AD2d 636, 636-637 [1985], *affd* 65 NY2d 898 [1985]; 9 NYCRR 2526.1 [a] [3] [ii]; *Matter of Round Hill Mgt. Co. v Higgins*, 177 AD2d 256, 258 [1991] ["(default) formula( ) designed to give the tenant every benefit of the doubt created by an owner's failure to provide complete records"]).

As it is clear that DHCR made an erroneous finding as to the timeliness of a refund offer made by 506-524 and that the perceived untimeliness was a factor in its finding of willfulness, the court properly remanded the proceeding to DHCR for reconsideration of whether treble damages should be imposed for overcharges accruing during the period of 506-524's ownership of the building. Concur—Gonzalez, P.J., DeGrasse, Freedman, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2008 NY Slip Op 33148(U).]**