■ In the Matter of Joralemon Realty NY, LLC, Appellant, v State of New York Division of Housing and Community Renewal, Respondent. Riverside Apartments Tenants Association, Nonparty Respondent. [958 NYS2d 497]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated April 28, 2010, which denied the petition for administrative review and confirmed the determination of the Rent Administrator dated July 14, 2009, denying the petitioner's application for permission to modify services at its rent-regulated property, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bayne, J.), entered May 6, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

The petitioner, Joralemon Realty NY, LLC (hereinafter the petitioner), is the owner of a rent-regulated apartment complex known as the Riverside Apartments, located at the southwest corner of Joralemon Street and Columbia Place in Brooklyn. In 2008, the petitioner filed an application with the New York State Division of Housing and Community Renewal (hereinafter the DHCR) for permission to modify services at the complex pursuant to section 2522.4 (e) of the Rent Stabilization Code (9 NYCRR 2522.4 [e]). The services that the petitioner sought to modify were provided by the courtyard of the complex; specifically, the petitioner sought to build an underground parking facility four feet below the courtyard, with 105 parking spaces that would be available to rent on a monthly basis. The plans provided that vehicle ingress to and egress from the parking facility would occupy 10% of the courtyard. Soil to the depth of approximately four feet would be placed on the roof of the parking facility to support the courtyard's vegetation. Although 100-year-old trees would have to be removed from the existing courtyard to allow for the addition of the parking facility, they would be replaced with new trees, some of which would be mature at planting. The new courtyard would have more green space than the existing courtyard. Additionally, new benches, walkways, and plants, among other things, would be added to the courtyard.

The DHCR's Rent Administrator denied the petitioner's application, finding that the proposed parking facility and new courtyard would result in a decrease in services to the tenants and, thus, were not adequate substitutes for the current courtyard. The DHCR denied the petition for administrative review, affirming the Rent Administrator's determination that the proposed changes would result in a decrease in services. The Supreme Court denied the petitioner's CPLR article 78 petition and dismissed the proceeding. The petitioner appeals.

In this proceeding, in which the petitioner challenges an agency determination that was not made after a quasi-judicial hearing, we must consider whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of London Leasing Ltd. Partnership v Division of Hous. & Community Renewal*, 98 AD3d 668, 670 [2012]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]). In such a proceeding, courts "examine whether the action taken by the agency has a rational basis," and will overturn that action only "where it is 'taken without sound basis in reason' or 'regard to the facts' " (*Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010], quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]), or where it is "arbitrary and capricious" (*Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038 [2010]). In reviewing the DHCR's determination, "[t]he court may not substitute its judgment for that of the DHCR" (*Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal*, 297 AD2d 675, 676 [2002]). "The DHCR's interpretation of the statutes and regulations it administers, if reasonable, must be upheld" (*id.*).

Here, contrary to the petitioner's contention, the DHCR's determination that the Rent Administrator did not err in finding that the proposed modification did not constitute an adequate substitute for the courtyard was rational, and was not arbitrary and capricious. Although the proposal called for a new courtyard to be built in place of the current courtyard, there was evidence in the record to support the determination that such a courtyard would be inferior and, thus, not an adequate substitute for the current courtyard.

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur.