■ In the Matter of RANDY WATSON, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL (N.Y.S.D.H.C.R.), Respondent, et al., Respondent. [971 NYS2d 145]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, Office of Rent Administration, dated April 8, 2011, which denied a request for administrative review and confirmed a determination of the Rent Administrator dated September 3, 2010, finding, inter alia, that the "base date" for the proceeding was July 17, 2005, that the initial legal registered rent for the subject apartment was $1,200, and that there were no grounds to examine the rental history of the subject apartment prior to the "base date," the petitioner appeals from a judgment of the Supreme Court, Queens County (Dufficy J.), entered February 3, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In reviewing a determination made by an administrative agency where the agency was not required to conduct a trial-type hearing directed by law, "the court's inquiry is limited to whether the determination is arbitrary and capricious, or without a rational basis in the record and a reasonable basis in law" (*Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal*, 37 AD3d 714, 714 [2007]; see CPLR 7803 [3]; *Matter of Gomez v New York State Div. of Hous. & Community Renewal*, 79 AD3d 878, 878-879 [2010]; *Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal*, 61 AD3d 753, 754-755 [2009]; *Matter of Melendez v New York State Div. of Hous. & Community Renewal*, 304 AD2d 580, 581 [2003]). The interpretation by the New York State Division of Housing and Community Renewal (hereinafter the DHCR) of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable (*see Matter of Gomez v New York State Div. of Hous. & Community Renewal*, 79 AD3d at 879; *Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal*, 37 AD3d at 714; *Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal*, 297 AD2d 675, 676 [2002]).

"A rent overcharge claim, whether made in a judicial or administrative forum, is subject to a four-year statute of limitations" (*Jenkins v Fieldbridge Assoc., LLC*, 65 AD3d 169, 172 [2009]; *see* CPLR 213-a; Administrative Code of City of NY § 26-516 [a] [2]). "[T]he Rent Regulation Reform Act of 1997 (RRRA) (L 1997, ch 116) clarified and reinforced the four-year statute of limitations applicable to rent overcharge claims (*see* Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a])" (*Thornton v Baron*, 5 NY3d 175, 180 [2005]), "preclud[ing] a court from examining the rental history of a housing accommodation prior to the four-year period preceding the filing of the rent overcharge complaint" (*Jenkins v Fieldbridge Assoc., LLC*, 65 AD3d at 172 [internal quotation marks omitted]; *see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.*, 15 NY3d 358, 365 [2010]), except in situations where there are substantial indicia of fraud.

Here, the DHCR properly determined that July 17, 2005, was the "base date" of this proceeding, that is, the date four years prior to the filing of the relevant rent overcharge complaint. The DHCR properly refused to examine the rental history of the subject apartment prior to the "base date," since there is no merit to the petitioner's contention that there were substantial indicia of fraud in connection with the landlord's establishment of the amount of the initial legal registered rent (*see Matter of Gomez v New York State Div. of Hous. & Community Renewal*, 79 AD3d at 879; *Matter of Anderson v Lynch*, 292 AD2d 603 [2002]; *Matter of Sadler v Lynch*, 295 AD2d 436, 437 [2002]; *Myers v Frankel*, 292 AD2d 575, 576 [2002]; *Cecilia v Irizarry*, 292 AD2d 557, 558 [2002]; *Matter of Sessler v New York State Div. of Hous. & Community Renewal*, 282 AD2d 262 [2001]; *cf. Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.*, 15 NY3d at 358).

The DHCR's determination was rational, and was not arbitrary and capricious. Accordingly, the Supreme Court properly denied the petition and dismissed the CPLR article 78 proceeding. Angiolillo, J.P., Chambers, Sgroi and Cohen, JJ., concur.