■ In the Matter of SECOND AND THIRD AVENUE LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY

RENEWAL, Respondent, and ADOLFO VELASQUEZ, Intervenor-Respondent. [18 NYS3d 850]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered November 7, 2014, denying the petition to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated December 18, 2013, which limited petitioner's rent increase for the subject apartment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

DHCR's determination that the rent increase resulting from petitioner's first-time painting of the apartment (*see* 9 NYCRR 2202.4 [a] [1], [2]) should be based on the highest estimate submitted by the tenant ($2,940), rather than the invoice submitted by petitioner ($13,750), is rational and is entitled to great deference (*Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 428-429 [1st Dept 2007], *affd* 11 NY3d 859 [2008]). The equities do not support the greater increase proposed by petitioner, since the actual cost of the project is in dispute, and the cost alleged by petitioner, for which it did not provide an itemized invoice or proof of payment other than a handwritten notation of a "cash" payment, would increase the rent by 130% (9 NYCRR 2202.22 [a], [b] [6]; *see Matter of W 54-7 LLC v New York State Div. of Hous. & Community Renewal*, 39 AD3d 312 [1st Dept 2007]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Saxe and Moskowitz, JJ.