■ In the Matter of RIVERSIDE TENANTS ASSOCIATION, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent-Appellant, and JORALEMON REALTY NY, LLC, Appellant-Respondent. (Proceeding No. 1.) In the Matter of JORALEMON REALTY NY, LLC, Appellant-Respondent, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent-Appellant. (Proceeding No. 2.) [19 NYS3d 589]—

In two related proceedings pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated March 21, 2014, which denied petitions for administrative review and confirmed a determination of the Rent Administrator dated October 11, 2012, denying, as premature, the application of Joralemon Realty NY, LLC, pursuant to 9 NYCRR 2522.4 (d) to decrease required services, without prejudice to refiling after it obtained the necessary plans and

permits to execute the plan, Joralemon Realty NY, LLC, appeals from a judgment of the Supreme Court, Kings County (Bayne, J.), dated December 3, 2014, which denied its petition and granted Riverside Tenants Association's petition to the extent of modifying the determination to deny the application with prejudice, and the New York State Division of Housing and Community Renewal cross-appeals from the same judgment.

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting Riverside Tenants Association's petition to the extent of modifying the determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal to deny the application with prejudice, and by substituting therefor a provision denying Riverside Tenants Association's petition and dismissing that proceeding; as so modified, the judgment is affirmed, with one bill of costs payable by Riverside Tenants Association.

Joralemon Realty NY, LLC (hereinafter the owner), is the owner of a rent-regulated apartment complex known as the Riverside Apartments, located at the southwest corner of Joralemon Street and Columbia Place in Brooklyn. In 2008, the owner filed an application with the New York State Division of Housing and Community Renewal (hereinafter the DHCR) for permission to modify courtyard services at the complex pursuant to section 2522.4 (e) of the Rent Stabilization Code (9 NYCRR 2522.4 [e]) by constructing an underground parking garage under the courtyard. Vehicle ingress to and egress from the parking facility would occupy 10% of the courtyard. The Rent Administrator of the New York State Division of Housing and Community Renewal denied the application, and the DHCR denied the owner's petition for administrative review, affirming the Rent Administrator's determination that the proposed changes would result in a decrease in services. The Supreme Court denied the owner's CPLR article 78 petition and dismissed the proceeding. On appeal, this Court affirmed, determining that the DHCR's determination that the Rent Administrator did not err in finding that the proposed modification did not constitute an adequate substitute for the courtyard was rational, and was not arbitrary and capricious (*see Matter of Joralemon Realty NY, LLC v State of N.Y. Div. of Hous. & Community Renewal,* 102 AD3d 965 [2013]).

Meanwhile, in August 2011, the owner filed a new application with the DHCR for permission to decrease courtyard services at the complex pursuant to section 2522.4 (d) of the

Rent Stabilization Code (9 NYCRR 2522.4 [d]), and for a corresponding reduction in rents. The owner revised its plan to address concerns about traffic traversing the edge of the courtyard. Under the new plan, vehicle ingress to and egress from the parking facility would occupy 3% of the courtyard. The DHCR's Rent Administrator denied the application as premature without prejudice to refiling after the owner obtained the necessary plans and permits to execute the plan. The DHCR denied the petitions for administrative review filed by the owner and the Riverside Tenants Association (hereinafter the tenants association), affirming the Rent Administrator's determination that the application was premature.

The owner and the tenants association each commenced proceedings pursuant to CPLR article 78 to review the DHCR's determination. The Supreme Court denied the owner's petition and granted the tenants association's petition to the extent of modifying the DHCR's determination to deny the application with prejudice, determining that the application was barred by collateral estoppel based on the denial of the 2008 application. The owner appeals, and the DHCR cross-appeals.

The Supreme Court erred in determining that the owner's application to decrease required services was barred by the doctrine of collateral estoppel based on the denial of the owner's 2008 application to modify services. The 2008 application differed from the instant proceeding before the DHCR and, thus, the DHCR's determination that the doctrine of collateral estoppel was inapplicable was correct (*see Matter of Dominguez v Vanamerongen*, 56 AD3d 667, 668 [2008]; *Matter of Josato, Inc. v Wright*, 288 AD2d 384 [2001]; *Coliseum Towers Assoc. v County of Nassau*, 217 AD2d 387, 392 [1996]).

Judicial review of administrative determinations that were not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of London Leasing Ltd. Partnership v Division of Hous. & Community Renewal*, 98 AD3d 668, 670 [2012]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). "The court may not substitute its judgment for that of the DHCR" (*Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal*, 297 AD2d 675, 676 [2002]). "The DHCR's interpretation of the statutes and regulations it administers, if reasonable, must be upheld" (*id.* at 676). Applications to reduce or modify services are fact-specific, and the DHCR has broad

discretion in evaluating and interpreting the facts presented to it (*see Matter of Lite View, LLC v New York State Div. of Hous. & Community Renewal*, 97 AD3d 105, 108 [2012]; *Matter of 333 E. 49th Assoc., LP v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 40 AD3d 516 [2007], *affd* 9 NY3d 982 [2007]).

Contrary to the owner's contention, the DHCR's determination that the Rent Administrator did not err in denying the application as premature, without prejudice to refiling after the owner obtained the necessary plans and permits to execute the plan, was rational, and was not affected by an error of law, arbitrary and capricious, or an abuse of discretion. At the time of the Rent Administrator's determination, the New York City Department of Buildings (hereinafter the DOB) had not approved any plans for the proposed project. The parties' experts disputed whether approvals from other agencies and environmental review would be required, resulting in modifications to the proposal. It is for the DOB to determine these issues in the first instance, subject to review by the Board of Standards and Appeals (*see* NY City Charter §§ 643, 645 [b]; *Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 417-419 [1998]). The informal note by the DOB, relied upon by the owner, was not a final determination on the issues raised by the tenants association. The DHCR does not have experience or expertise in zoning and permitting issues, and reasonably deferred to the DOB (*see Matter of Weinreb Mgt. v New York State Div. of Hous. & Community Renewal*, 24 AD3d 269 [2005]; *Matter of 780 P.P. Assoc. v State of New York Div. of Hous. & Community Renewal*, 290 AD2d 397 [2002]), rationally concluding that it could not rule on the owner's application without final plans for the proposed project. Finally, the DHCR's failure to require approved plans in other, less complex, matters did not render the determination arbitrary and capricious, since the DHCR indicated its reasons for departing from normal practice (*see Matter of Lantry v State of New York*, 6 NY3d 49, 58-59 [2005]).

In light of our determination, we need not address the parties' remaining contentions. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.