■ In the Matter of NORTH LAKE APARTMENTS, LP, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [55 NYS3d 908]—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated August 26, 2015, which denied a petition for administrative review and affirmed a Rent Administrator's determination that a rent overcharge had occurred, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Everett, J.), dated January 14, 2016, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Judicial review of administrative determinations that were not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal*, 133 AD3d 764, 766 [2015]). The court may not substitute its judgment for that of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) (*see Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal*, 297 AD2d 675, 676 [2002]). "The DHCR's interpretation of the statutes and regulations it administers, if reasonable, must be upheld" (*Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal*, 297 AD2d at 676; *see Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal*, 133 AD3d at 766).

Here, the DHCR's determination that a rent overcharge had occurred had a rational basis and was not arbitrary or capricious. Therefore, the Supreme Court properly confirmed the determination (*see Matter of Metropolitan 118-80 Ltd. Partnership v New York State Div. of Hous. & Community Renewal*, 83 AD3d 944, 944 [2011]; *see generally Matter of 9215 Realty, LLC v State of N.Y. Div. of Hous. & Community Renewal*, 136 AD3d 925, 925 [2016]; *Matter of Rowe v Calogero*, 56 AD3d 567 [2008]). Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.