In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated October 8, 2014, which denied a petition for administrative review and, in effect, affirmed a Rent Administrator’s determination that a rent overcharge had occurred, the petitioner appeals from a judgment of the Supreme Court, Queens County (Raffaele, J.), entered April 14, 2016, which denied the petition and dismissed the proceeding.
 

 Ordered that the judgment is affirmed, with costs.
 

 On February 3, 2011, a tenant in a building owned by the petitioner filed an administrative complaint alleging a rent overcharge. The petitioner did not provide some of the records requested by the New York State Division of Housing and Community Renewal (hereinafter the DHCR) to establish the legal stabilized rent for the subject apartment. Subsequently, the Rent Administrator of the DHCR determined that the petitioner charged in excess of the legal regulated rent for the subject apartment, and imposed a penalty. In reaching his determination, the Rent Administrator calculated the initial stabilized rent by applying the default formula due to the petitioner’s failure to provide a lease and/or a rent ledger in effect on the base date. Thereafter, in a determination dated October 8, 2014, the Deputy Commissioner of the DHCR denied a petition for administrative review and, in effect, affirmed the Rent Administrator’s determination. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the Deputy Commissioner’s determination. In the judgment appealed from, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
 

 In reviewing “a determination of the DHCR, the court is limited to a review of the record which was before the DHCR and to the question of whether its determination was arbitrary and capricious and without a rational basis” (Matter of 36-08 Queens Realty v New York State Div. of Hous. & Community Renewal, 222 AD2d 440, 441 [1995]; see Matter of Velasquez v New York State Div. of Hous. & Community Renewal, 130 AD3d 1045, 1046 [2015]; Matter of Gomez v New York State Div. of Hous. & Community Renewal, 79 AD3d 878, 878-879 [2010]; Matter of Acevedo v New York State Div. of Hous. & Community Renewal, 67 AD3d 785, 786 [2009]). “The court may not substitute its judgment for that of the DHCR” (Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, 297 AD2d 675, 676 [2002]; see Matter of North Lake Apts., LP v New York State Div. of Hous. & Community Renewal, 152 AD3d 695, 695 [2017]; Matter of Velasquez v New York State Div. of Hous. & Community Renewal, 130 AD3d at 1046-1047). “The DHCR’s interpretation of the statutes and regulations it administers is entitled to deference, and must be upheld if reasonable” (Matter of Gomez v New York State Div. of Hous. & Community Renewal, 79 AD3d at 879; see Matter of North Lake Apts., LP v New York State Div. of Hous. & Community Renewal, 152 AD3d at 695; Matter of Kripalani v State of N.Y. Div. of Hous. & Community Renewal, 126 AD3d 904, 905 [2015]; Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, 297 AD2d at 676).
 

 Here, the petitioner failed to submit the records requested by the DHCR which were necessary to establish the legal stabilized rent for the subject apartment, and failed to provide the DHCR with any reason for the absence of such records. Therefore, the DHCR had a rational basis for applying the default formula to establish the base rent, and its determination was not arbitrary and capricious (see Matter of Bondam Realty Assoc., L.R v New York State Div. of Hous. & Community Renewal, 71 AD3d 477, 478 [2010]; Matter of DeSilva v New York State Div. of Hous. & Community Renewal Off. of Rent Admin., 34 AD3d 673, 674 [2006]; Matter of Clear Holding Co. v State Div. of Hous. & Community Renewal, 268 AD2d 430, 431 [2000]).
 

 The petitioner’s remaining contention is without merit.
 

 Accordingly, the Supreme Court properly denied the CPLR article 78 petition and dismissed the proceeding.
 

 Rivera, J.P., Hall, Roman and Christopher, JJ., concur.