Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal (2018 NY Slip Op 02433)





Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal


2018 NY Slip Op 02433


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Renwick, J.P., Mazzarelli, Kahn, Gesmer, Kern, JJ.


6246 100643/16

[*1]In re 160 East 84th Street Associates LLC, Petitioner-Appellant-Respondent,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent-Appellant, Sherry Sado, Intervenor-Respondent.


Horing Welikson & Rosen, P.C., Williston Park (Niles C. Welikson of counsel), for appellant-respondent.
Mark F. Palomino, New York (Martin B. Schneider of counsel), for respondent-appellant.
Sherry Sado, respondent pro se.



Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered March 1, 2017, granting the petition to modify an order of respondent New York State Division of Housing and Community Renewal (DHCR), issued February 23, 2016, to the extent of vacating the order and remanding the matter to DHCR to determine the base date rent consistent with the standard set forth in Thornton v Baron (5 NY3d 175 [2005]), and denying DHCR's cross motion to remand the matter for the correction of mathematical errors therein, unanimously reversed, on the law, without costs, the petition denied, and the cross motion granted.
DHCR's use of a sampling method to determine the legal regulated rent on intervenor tenant's apartment based on the average stabilized rents for studio apartments in the 2006 registration of the subject building is rationally based in the record and not arbitrary and capricious (see Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal, 7 AD3d 453, 454 [1st Dept 2004]). DHCR providently exercised its broad equity discretion to fashion an equitable solution to the question of the appropriate rent for an apartment that was improperly treated as deregulated for years (see Rent Stabilization Code [RSC] [9 NYCRR] § 2522.7; RSC former § 2522.6[b][2]; Matter of W 54-7 LLC v New York State Div. of Hous. & Community Renewal, 39 AD3d 312, 313 [1st Dept 2007]).
The market rent of $2,200 per month, established by lease, in effect on the "base date" (RSC § 2520.6[f][1]) was the result of improper deregulation by petitioner and thus may not be adopted as the proper base date rent (see 72A Realty Assoc. v Lucas, 101 AD3d 401 [1st Dept 2012]; Gordon v 305 Riverside Corp., 93 AD3d 590, 592 [1st Dept 2012]). However, because petitioner's actions were based upon a mistaken pre-Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]) belief that the apartment had been deregulated, and there is no evidence of fraud, resort to the punitive default formula set forth in
Thornton v Baron (5 NY3d 175 [2005]) is inappropriate (see Taylor v 72A Realty Assoc., L.P., 151 AD3d 95, 105 [1st Dept 2017]; Matter of Park v New York State Div. of Hous. & Community Renewal, 150 AD3d 105, 115 [1st Dept 2017], lv dismissed 30 NY3d 961 [2017]).
DHCR's order shows conflicting amounts for the legal regulated rent. Thus, we remand the matter to DHCR to correct the order.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK