Matter of Buchanan v New York State Div. of Hous. & Community Renewal (2018 NY Slip Op 05466)





Matter of Buchanan v New York State Div. of Hous. & Community Renewal


2018 NY Slip Op 05466


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-08871
 (Index No. 14668/14)

[*1]In the Matter of Anthony Buchanan, appellant, 
v
New York State Division of Housing and Community Renewal, respondent-respondent; Cardinal Properties, LLC, intervenor-respondent.


Anthony Buchanan, Brooklyn, NY, appellant pro se.
Mark F. Palomino, New York, NY (Sandra A. Joseph of counsel), for respondent-respondent.
Goldberg, Scudieri & Lindenberg, P.C., New York, NY (Robert H. Goldberg of counsel), for intervenor-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated August 15, 2014, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated July 2, 2015. The order and judgment, insofar as appealed from, denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs.
In a determination dated August 15, 2014, the Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) concluded that a Rent Administrator had improperly disregarded certain cancelled checks evidencing individual apartment improvements and therefore reduced a rent overcharge award to the petitioner tenant. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the DHCR's determination. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
Judicial review of an administrative determination that was not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal, 133 AD3d 764, 766). The court may not substitute its judgment for that of the DHCR (see Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, 297 AD2d 675, 676). "The DHCR's interpretation of the statutes and regulations it administers, if reasonable, must be upheld" (Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, 297 AD2d at 676; see Matter of Riverside Tenants Assn. v New York State Div. of Hous. & [*2]Community Renewal, 133 AD3d at 766).
Here, the DHCR's determination that the landlord was entitled to certain individual apartment improvement adjustments to the legal rent in determining the amount of the rent overcharge award had a rational basis and was not arbitrary or capricious. Accordingly, we agree with the Supreme Court's determination to deny the petition and, in effect, dismiss the proceeding (see DHCR Policy Statement 90-10 [June 26, 1990]; Jemrock Realty Co., LLC v Krugman, 13 NY3d 924, 926; Matter of Kolinsky v Towns, 137 AD3d 496, 497; Matter of Ador Realty, LLC v Division of Hous. & Community Renewal, 25 AD3d 128, 140).
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court