(December 13, 2005)

■ STEVEN M. WASSERMAN et al., Respondents-Appellants, v NASON GORDON et al., Appellants-Respondents, et al., Defendants. [806 NYS2d 49]—

Orders, Supreme Court, New York County (Joan A. Madden, J.), entered December 5, 2003 and March 22, 2004, which, to the extent appealed as limited by the briefs, held that the legal regulated rent for the subject apartment should be determined by the New York State Division of Housing and Community Renewal (DHCR) in the context of a fair market rent appeal (FMRA) and, pending such determination, directed plaintiff tenants to pay defendant-appellant landlords use and occupancy in the amount of $724.84 per month prospectively from December 2003, unanimously modified, on the law, the facts and in the exercise of discretion, to remand the issue of plaintiffs' initial legal stabilized rent to DHCR for determination in accordance with the default formula set forth infra, to direct plaintiffs, within 20 days of service of a copy of this order with notice of entry thereof, to post a bond as security for their potential past use and occupancy at the rate of $1,030.70 per month, as of September 2000, and to direct plaintiffs to pay prospective use and occupancy at that same monthly rate, all without prejudice to the parties' positions concerning the legal stabilized rent, and otherwise affirmed, without costs.

The adjustment of plaintiffs' regulated rent is not governed by the provisions applicable to an FMRA (Rent Stabilization Code [RSC] [9 NYCRR] § 2522.3), because the time within which an FMRA could be filed expired in 1996, four years after the premises were no longer subject to rent control (*see Levinson v 390 W. End Assoc., L.L.C.*, 22 AD3d 397 [2005]; RSC § 2522.3 [c] [2]). Rather, the current legal rent must be determined under the DHCR default formula upheld in *Thornton v Baron* (5 NY3d 175 [2005]), i.e., "the lowest rent charged for a rent-stabilized apartment with the same number of rooms in the same building on the relevant base date" (*Id.* at 180 n 1; *see Levinson, supra*). Applying the pertinent four-year statute of limitations, the base date as of which the *Thornton* formula should be applied is on or about January 29, 1997, four years prior to the commencement of this action (*see id.*). Therefore, we remand the issue of plaintiffs' initial legal stabilized rent to DHCR for determination in accordance with the *Thornton* default formula.

We direct plaintiffs to post a bond to cover their potential liability for past use and occupancy at the rate of $1,030.70 per month, as of September 2000, the date they ceased paying rent,

and we raise the rate of prospective use and occupancy to the monthly rate of \$1,030.70 (*see id.*). Our setting of this rate of use and occupancy pendente lite is without prejudice to the rights of either party with respect to the ultimate determination of any issue in this action. Concur—Buckley, P.J., Tom, Marlow, Gonzalez and Catterson, JJ.