*234 OPINION OF THE COURT
Gaby F. Mabton, J.
This holdover proceeding rests on petitioner’s allegation that respondent wrongfully refused petitioner’s tender of a legally sufficient lease for the premises. Respondent concedes the refusal but denies the lease’s legal sufficiency. Issue has been joined. Now, the parties move and cross-move for summary judgment. As set out below, petitioner’s motion is denied, respondent’s cross motion is granted, and this proceeding is dismissed.
The facts are easily stated. The premises at issue are a rent-stabilized apartment. In 1982 respondent became the tenant. In 1994, respondent and the landlord made an agreement: respondent would become the superintendent of the building in which the premises are located and in return he would not pay rent therefor. At that time, the rent was $214.71 per month. Thereupon and pursuant to Rent Stabilization Code (RSC) (9 NYCRR) § 2520.11 (m) the premises became exempt from rent stabilization for the life of the agreement.[1]
About 12 years later, on February 1, 2006, petitioner terminated respondent’s employment as the superintendent and offered respondent a rent-stabilized lease for the premises at a rent of $1,000 per month.[2] Respondent declined this offer on the ground that the proposed rent exceeded the legal maximum. *235 He countered that he would enter into a lease at a rent of $369.96 per month, i.e., $214.71 per month plus the permissible legal increases since 1994. This lawsuit ensued.
Petitioner argues as follows: (I) during the period 1994 through 2006 and pursuant to RSC (9 NYCRR) § 2520.11 (m) the premises were exempt from rent stabilization because the premises were occupied by respondent as an incident of his employment, (II) during this period of exemption and pursuant to RSC (9 NYCRR) § 2520.11 (m) and § 2526.1 (a) (3) (iii), there was not a “legal regulated rent” for the premises, (III) when respondent’s employment ended on February 1, 2006 the exemption also ended and the premises became again subject to rent stabilization at the “legal regulated rent,” (IV) under RSC (9 NYCRR) § 2520.6 (e) the “legal regulated rent” is to be derived from the “base date” rent and. the “base date” rent here was that rent which was in effect four years earlier, i.e., on February 1, 2002, (V) since the premises were exempt from rent stabilization on the “base date” of February 1, 2002, there was not a legal maximum rent at that time and any rent sought by petitioner on February 1, 2006, including the $1,000 per month sought from respondent, would be a “legal regulated rent” under RSC (9 NYCRR) § 2526.1 (a) (3) (iii).[3]
However, RSC (9 NYCRR) § 2526.1 (a) (3) (iii) does not fit the facts here as neatly as petitioner contends. In pertinent part, the statute provides:
“Where a housing accommodation is vacant or temporarily exempt from regulation pursuant to section 2520.11 of this Title on the base date, the legal regulated rent shall be the rent agreed to by the owner and the first rent stabilized tenant taking occupancy after such vacancy or temporary exemption, and reserved in a lease or rental agreement.”
Here, while the premises were arguably “temporarily exempt from regulation pursuant to section 2520.11 of this Title on the *236 base date,” there has never been a “rent agreed to by the owner and the first rent stabilized tenant taking occupancy after such vacancy or temporary exemption.” (RSC [9 NYCRR] § 2526.1 [a] [3] [iii].) There has not been a rent agreed to by anyone. Accordingly, petitioner’s argument fails.[4]
Inasmuch as petitioner has not demonstrated that $1,000 per month was the “legal regulated rent,” the court holds that petitioner has not demonstrated that a legally sufficient lease was offered to respondent. Since petitioner has not demonstrated that a legally sufficient lease was offered to respondent, petitioner has not made a showing sufficient to prevail either on her summary judgment motion or to defeat respondent’s cross motion. Accordingly, the court denies petitioner’s motion, grants respondent’s cross motion, and dismisses this proceeding.

. In pertinent part RSC (9 NYCRR) § 2520.11 provides that the Rent Stabilization Code shall not apply to accommodations to which it would otherwise apply so long as they have the status, as set out at subdivision (m), of
“housing accommodations occupied by . . . superintendents . . . or other employees to whom the space is provided as part or all of their compensation without payment of rent and who are employed for the purpose of rendering services in connection with the premises of which the housing accommodation is a part.”
Respondent argues, among other things, that this exemption does not obtain here. Petitioner reported to the Internal Revenue Service the forgone rent as income to respondent. On this phantom income respondent had to pay and did pay income taxes. W-2s show that the requisite sums for Social Security and Medicare were withheld. Thus, respondent argues, in substance if not in form, the space was not provided rent-free and the exemption from rent stabilization was never in effect. In light of the result reached here, the court finds it unnecessary to address this intriguing argument.

. It is clear that if the premises were exempt from rent stabilization under RSC (9 NYCRR) § 2520.11 (m) by virtue of respondent’s employment, the exemption ended and the premises became rent stabilized upon the termination of respondent’s employment. (See, e.g., Gottlieb v Adames, NYLJ, Sept. 23, 1994, at 21, col 2 [App Term, 1st Dept].)

. Petitioner also argues that a letter from a staff attorney at the Division of Housing and Community Renewal of the State of New York (DHCR), which letter was written in 2004 in response to an inquiry about an unrelated matter, confirms petitioner’s statutory analysis here and should be deferred to because the letter was issued by the governmental agency charged with the interpretation and enforcement of rent regulatory statutes and regulations. The court does not believe, however, that such a letter binds the agency to the staff lawyer’s view of the matter or that the use of agency letterhead otherwise confers official status. In addition, since there is no dispute here as to the facts and the only issue is one of statutory construction, it is not clear what the DHCR expertise is to which petitioner asks the court to defer.

. The court notes as well that it seems a needless stretch to characterize respondent either as “the first rent stabilized tenant” or as the first rent-stabilized tenant “taking occupancy after such vacancy or temporary exemption.” (RSC [9 NYCRR] § 2526.1 [a] [3] [iii].) Respondent did not take occupancy after the exemption ended. Instead, he continued an occupancy that had begun 24 years before.