■ DAVID GORDON et al., Respondents, v 305 RIVERSIDE CORP., Also Known as 305 RIVERSIDE DR. CORPORATION, Appellant. [941 NYS2d 93]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered July 11, 2011, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant is the owner of a building located at 305 Riverside Drive in Manhattan. From 1988 through 2005, apartment 5D was occupied by a rent-stabilized tenant. The July 2005 rent registration statement filed with the Division of Housing and Community Renewal (DHCR) lists the legal regulated rent of the apartment as $1,418.42. After that tenant left in 2005, the apartment was vacant for a period of time.

In February 2006, defendant and plaintiffs entered into a lease agreement for a term beginning March 15, 2006 and end-

ing March 31, 2008, at a monthly rent of $3,095. The first page of the lease states: "This lease is not subject to rent regulation"; the last page states: "This apartment is not subject to rent regulation since the monthly rent is, at least, $2,000.00 which classifies this unit as a luxury deregulated apartment." In July 2006, defendant filed a rent registration statement listing the apartment as permanently exempt due to "high rent vacancy." The record contains no information about how defendant determined the unit was subject to luxury deregulation. The parties subsequently entered into a renewal lease for the term of April 1, 2008 through March 31, 2010 at a monthly rent of $3,300.

At the time defendant removed the apartment from regulated status, the building was receiving J-51 real property tax exemptions (*see* Administrative Code of City of NY § 11-243 [previously § J51-2.5]). In October 2009, the Court of Appeals decided *Roberts v Tishman Speyer Props., L.P.* (13 NY3d 270 [2009]), which held that the owners of rent-stabilized apartments in New York City "[are] not entitled to take advantage of the luxury decontrol provisions of the Rent Stabilization Law [Administrative Code § 26-501 *et seq.*] while simultaneously receiving tax incentive benefits under the City of New York's J-51 program" (*id.* at 280).

In March 2010, in light of *Roberts*, plaintiffs brought this action seeking, inter alia: (1) a declaration that the apartment is subject to rent stabilization; (2) an order compelling defendant to register the apartment with DHCR as a rent-stabilized unit and provide plaintiffs with a rent-stabilized lease; and (3) a money judgment for alleged overcharges that defendant had collected since March 2006. After issue was joined, defendant moved for summary judgment dismissing the complaint; plaintiffs did not cross-move for any affirmative relief. In a decision entered July 11, 2011, the court denied the motion.

On appeal, defendant acknowledges that the building was receiving J-51 benefits at the relevant time and that, under *Roberts*, the apartment is rent-stabilized and is not subject to luxury deregulation.* Defendant also agrees that plaintiffs are now entitled to a rent-stabilized lease. Relying on the four-year statute of limitations for rent overcharge claims (*see* CPLR 213-a), defendant contends that the base date for calculating any overcharge is March 16, 2006, four years before the date the summons and complaint were served upon the Secretary of

---

* Defendant concedes that *Roberts* is retroactive here, a position in accord with recent decisions of this Court (*see Roberts v Tishman Speyer Props., L.P.*, 89 AD3d 444, 445 [2011]; *Gersten v 56 7th Ave. LLC*, 88 AD3d 189, 198 [2011]).

State. According to defendant, the rent on that date was $3,095, the amount provided for in the March 15, 2006 non-rent-stabilized lease. Defendant maintains that it is entitled to summary judgment dismissing the complaint because it has recalculated the legal regulated rents based on the $3,095 figure, and has credited plaintiffs for any overpayments.

The motion court properly denied defendant's motion. At the outset, in light of defendant's admissions, no basis exists to dismiss plaintiffs' claims seeking a declaration that the apartment is rent-stabilized and an order directing that plaintiffs be provided with a rent-stabilized lease. With respect to the overcharges, defendant has failed to establish, as a matter of law, that the base date rent should be $3,095. Supreme Court correctly concluded that the base date for determining any overcharge is March 11, 2006. Rent Stabilization Code (9 NYCRR) § 2520.6 (f) (1) defines "[b]ase date" as "[t]he date four years prior to the date of the filing [with DHCR] of such [rent overcharge] complaint." Where, as here, plaintiffs have instituted an action in court asserting a rent overcharge claim, the base date is four years prior to commencement of the action (*see Wasserman v Gordon*, 24 AD3d 201, 202 [2005]).

Because this action was commenced on March 11, 2010, the base date for determining any overcharge is March 11, 2006. There is no merit to defendant's argument that the base date should be measured back from the March 16, 2010 date of service of the complaint. An action is commenced on the date the summons and complaint are filed with the clerk of the court, not the date of service (*see* CPLR 304 [a]; 2102). Defendant's citation to CPLR 203 (b) confuses the interposition of a claim, which determines its timeliness for statute of limitations purposes, with the commencement of an action.

Alternatively, defendant argues that even if the base date is March 11, 2006, the legal regulated rent should still be $3,095 because the apartment was vacant on that date. In support, defendant points to Rent Stabilization Code (9 NYCRR) § 2526.1 (a) (3) (iii), which provides that "[w]here a housing accommodation is vacant . . . on the base date, the legal regulated rent shall be the rent agreed to by the owner and the first rent stabilized tenant taking occupancy after such vacancy . . . , and reserved in a lease or rental agreement." This section has no applicability here because it requires that the "legal regulated rent" after a vacancy be "agreed to by the owner and the *first rent stabilized tenant*" (*id.* [emphasis added]). This language necessarily presumes that the first tenant after a vacancy is offered a rent-stabilized lease. Here, the parties' initial lease

explicitly stated, on two separate pages, that the apartment was not subject to rent regulation. Moreover, the rent agreed to by the parties was not a regulated rent, and was not registered as such with DHCR. Thus, notwithstanding that plaintiffs were the first tenants to occupy the apartment after the vacancy, they do not qualify, within the meaning of section 2526.1 (a) (3) (iii), as "the first rent stabilized tenant[s] taking occupancy after such vacancy" (*see 656 Realty, LLC v Cabrera*, 27 Misc 3d 1225[A], 2009 NY Slip Op 52767[U], *3-4 [2009], *affd* 27 Misc 3d 138[A], 2010 NY Slip Op 50899[U] [2010]).

Because defendant has not established as a matter of law that the base date rent should be $3,095, its motion for summary judgment was properly denied. We need not decide, for purposes of this appeal, the proper method of determining the base date rent. As the motion court correctly noted, since the parties have not conducted any discovery, the record is not sufficiently developed to resolve that issue. We hold only that the base date is March 11, 2006, and that section 2526.1 (a) (3) (iii) of the Rent Stabilization Code cannot be used to set the base date rent.

We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2011 NY Slip Op 31860(U).]**