■ MARY OLSEN et al., Appellants, v STELLAR WEST 110, LLC, Respondent. [946 NYS2d 128]—

Order, Supreme Court, New York County (Debra A. James, J.), entered January 25, 2012, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiffs moved into an apartment in a building owned by defendant's predecessor on December 15, 2001. The previous rent-controlled tenant, who was paying $846.66 at the end of her tenancy, had vacated the apartment on December 10, 2001. The rent amount was omitted from plaintiffs' November 20, 2001 lease. Defendant's predecessor told plaintiffs that the

monthly rent was $2,800, and plaintiffs apparently agreed to the amount. They remained in the apartment pursuant to a series of month-to-month and longer-term leases; plaintiff Haridopolos moved out in 2008. All these leases indicate that the tenancy was non-stabilized. Defendant's predecessor never notified plaintiffs of the change in the status of the apartment, the initial registered legal regulated rent, or their right to file a fair market rental appeal (FMRA) with the Division of Housing and Community Renewal (DHCR)—all in violation of the Rent Stabilization Law and Rent Stabilization Code (see Administrative Code of City of NY § 26-513 [d]; 9 NYCRR 2523.1). Nor did defendant's predecessor ever file a report of vacancy decontrol, or the initial registration documents with DHCR. It had registered the apartment as rent-controlled, with a monthly rental rate of $413, in April 1984, but it filed no annual registration statements with DHCR at least from 1986 through 2007.

Plaintiffs commenced this action in 2010 against defendant, who acquired the building in 2007, seeking a declaration that their tenancy was subject to the Rent Stabilization Law, that defendant must offer plaintiff Olsen a regulated rent, and that the base rent should be calculated using DHCR's default formula for establishing a legal regulated rent where reliable rent records are unavailable (see Thornton v Baron, 5 NY3d 175 [2005]). They argued that defendant's failure to notify them of the apartment's rent-stabilized status and of their right to challenge the initial regulated rent constituted fraud, which prevented them from timely filing an FMRA within the four years after their tenancy began (see 9 NYCRR 2523.1; see also 2522.3 [c]), and that this fraud warranted the court's retention of jurisdiction over this matter.

We agree with Supreme Court that the complaint should be dismissed, although for different reasons. The time to file an FMRA expired in December 2005 (see 9 NYCRR 2523.1). Thus, as plaintiffs were the first rent-stabilized tenants, the adjustment of the rent was not governed by provisions applicable to an FMRA (see Wasserman v Gordon, 24 AD3d 201 [2005]; Levinson v 390 W. End Assoc., L.L.C., 22 AD3d 397, 401 [2005]). Rather, plaintiffs may seek only to "recover rent overcharges paid during the four years immediately preceding the filing of [the] complaint, and to set a legal rent prospectively" (Levinson, 22 AD3d at 401 n 5).

The court has jurisdiction over this rent overcharge matter (see Wolfisch v Mailman, 182 AD2d 533 [1992]; see also Thornton, 5 NY3d 175; Levinson, 22 AD3d 397; Wasserman, 24 AD3d 201). However, pursuant to the doctrine of primary jurisdiction,

we believe that the matter should be determined by DHCR, given its expertise in rent regulation (*Sohn v Calderon*, 78 NY2d 755, 768 [1991]; *Davis v Waterside Hous. Co.*, 274 AD2d 318 [2000], *lv denied* 95 NY2d 770 [2000]). DHCR can investigate plaintiffs' fraud allegations, determine the regulatory status of the apartment, and, if warranted, apply the default formula adopted in *Thornton* to determine the base rate (*see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.*, 15 NY3d 358 [2010]). Concur—Gonzalez, P.J., Friedman, Renwick, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2012 NY Slip Op 30178(U).]**