[994 NYS2d 498]

J.H. GOLDMAN et al., as Executors of LILLIAN GOLDMAN, Deceased, and Trustees of the LILLIAN GOLDMAN FAMILY TRUST, Respondents, v OMER MALAGIC, Appellant, et al., Respondents.

Supreme Court, Appellate Term, First Department, September 16, 2014

## APPEARANCES OF COUNSEL

*Joshua Price*, New York City, for appellant.

*Judith M. Brener*, New York City, for respondents.

## OPINION OF THE COURT

Per Curiam.

Order, dated December 14, 2012, reversed, with $10 costs, and matter remanded for further proceedings consistent with this decision.

Landlord commenced the within nonpayment summary proceeding to recover rent arrears of over $17,000 upon a verified petition acknowledging (para 9) that the demised apartment is "presently subject" to rent stabilization and that the rent demanded "does not exceed the lawful stabilized rent." In response, tenant appellant's amended answer asserted claims for rent overcharge and treble damages. The parties stipulated to have the trial court determine "the legal rent" and whether "there is any overcharge" based on certain agreed facts as well as submitted documents. The stipulated facts included the following: that appellant initially took occupancy of the apartment in 1994 as an incident of his employment as the building's superintendent; that appellant's employment was terminated in October 2007; and that appellant thereafter remained in occupancy of the apartment pursuant to a series of unregulated

lease agreements, the first of which fixed the rent at $2,000 per month, with a preferential rent of $1,500. On these stipulated facts, the trial court determined that no overcharge had occurred based upon its conclusion that the parties were "free to negotiate a rent of their choosing" upon the severance of their employment relationship and that their "agreement to a rent of $2,000.00 deregulated the apartment as a matter of law." Tenant now appeals, and we reverse.

██ ██ The allegations contained in paragraph 9 of the landlord's verified petition constituted formal judicial admissions that the apartment in question was subject to rent stabilization coverage and that the rent sought therein was a "lawful *stabilized* rent," admissions which were "binding and conclusive" as against landlord (*Bogoni v Friedlander*, 197 AD2d 281, 292 [1994], *lv denied* 84 NY2d 803 [1994]; *see* Jerome Prince, Richardson on Evidence § 8-215 at 523-524 [Farrell 11th ed 1995]), and which landlord should not have been permitted to disavow in its stipulated submission below. Nor is the court's coverage determination sustainable on the merits. Consistent with the regulatory allegations set out in landlord's pleading, the apartment, though temporarily exempt from rent stabilization during the period of appellant's employ (*see* Rent Stabilization Code [9 NYCRR] § 2520.11 [m]), reverted back to its prior (conceded) stabilized status when the landlord accepted appellant as a tenant in his own right after his stint as superintendent had ended (*see 656 Realty, LLC v Cabrera*, 27 Misc 3d 1225[A], 2009 NY Slip Op 52767[U] [Civ Ct, NY County 2009], *affd* 27 Misc 3d 138[A], 2010 NY Slip Op 50899[U] [App Term, 1st Dept 2010]).

Landlord's reliance on Rent Stabilization Code (9 NYCRR) § 2526.1 (a) (3) (iii)* as a basis to destabilize the apartment is misplaced, since the language of that section "necessarily presumes that the first tenant after a vacancy is offered a rent-stabilized lease" (*Gordon v 305 Riverside Corp.*, 93 AD3d 590, 592 [2012]), a contingency which was not satisfied here, even were we to assume that the apartment became "vacant" within the meaning of the Code provision when appellant, in occupancy throughout, assumed the role of a tenant upon his termination as superintendent (*but see Blumenthal v Chung Fu Lam*, 17

---

* The cited Code section provides that "[w]here a housing accommodation is vacant . . . on the base date, the legal regulated rent shall be the rent agreed to by the owner and the first rent stabilized tenant taking occupancy after such vacancy . . . , and reserved in a lease or rental agreement."

Misc 3d 233, 236 n 4 [2007]). Nor are we persuaded to follow the single Division of Housing and Community Renewal precedent cited by landlord in resolving the issues framed on this appeal, which involved matters of pure statutory interpretation (*see Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal*, 5 NY3d 303, 312 [2005]).

In view of the truncated nature of the proceedings below, we leave for another day, with a more complete record, resolution of the remaining issues raised by the parties' stipulation of facts, including the proper method of determining the legal regulated rent and the amount, if any, of a rent overcharge award.

Lowe, III, P.J., Schoenfeld and Hunter, Jr., JJ., concur.