■ In the Matter of Jacqueline Cipolla, Appellant, v New York State Division of Housing and Community Renewal et al., Respondents. [60 NYS3d 409]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal Office of Rent Administration, dated October 20, 2014, which denied a request for administrative review and confirmed a Rent Administrator's determination, inter alia, that the initial legal registered rent for the subject apartment was $1,700 per month, the petitioner appeals from a judgment of the Supreme Court, Kings County (Rothenberg, J.), dated September 16, 2015, which denied the petition and dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with one bill of costs.

At issue here is the petitioner's legal rent for a rent-stabilized apartment.

In April 2007, the petitioner took possession of the subject apartment, 1L, which was vacant, pursuant to a one-year lease dated April 1, 2007, at a stated monthly rent of $2,000. The lease further provided that the landlord and the tenant agreed to a reduction of $300 in the monthly rent, and that the "total rent due each month is $1,700.00." According to the petition, the monthly rent of $2,000 was "illusory" and inserted into the lease by the landlord because vacant apartments rented for $2,000 per month or more are not subject to rent stabilization (*see* Administrative Code of City of NY § 26-504.2).

The subject apartment had been registered with the New York State Division of Housing and Community Renewal (hereinafter DHCR) as exempt from rent regulation because it was occupied by the owner or the owner's employee until at least April 1, 2002. The owner had registered the apartment as leased to another tenant for $1,480 per month from April 1, 2002, until March 31, 2004.

In December 2006, the building was purchased by a new owner and re-conveyed to the current owner, Zelig & Zelig, LLC (hereinafter Zelig). Zelig corrected the rent record to reflect that the tenant originally registered as occupying the subject apartment was actually a tenant of apartment 2L, and that the subject apartment had been vacant for more than four years when the petitioner moved in.

On March 31, 2011, the petitioner filed a rent overcharge complaint with the DHCR, claiming that the rent of $1,700 was unlawful, asserting that her apartment was subject to rent regulation, and alleging fraud. In an order dated December 13, 2012, the Rent Administrator granted her application to the extent of rejecting the landlord's claim that $2,000 was the legal rent and ruling that the subject apartment was rent stabilized. However, the Rent Administrator ruled that the petitioner was not overcharged, and that the initial legal registered rent was $1,700 per month because the apartment was vacant on the "base date" of March 31, 2007, four years prior to the filing of the rent overcharge complaint (see 9 NYCRR 2520.6 [f] [1]), and the rent agreed upon by the petitioner and the owner at that time was $1,700 per month, citing 9 NYCRR former 2526.1 (a) (3) (iii). The Rent Administrator also rejected the fraud allegation. That determination was affirmed on administrative appeal.

The petitioner commenced this proceeding pursuant to CPLR article 78 challenging that determination, alleging that the claim that the apartment was vacant prior to her tenancy was false, as part of a scheme to defraud. In the judgment appealed from, the Supreme Court dismissed the proceeding on the merits. The petitioner appeals.

Judicial review of an administrative determination that was not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803 [3]; Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal, 133 AD3d 764, 766 [2015]). The court may not substitute its judgment for that of the DHCR (see Matter of

*85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal*, 297 AD2d 675, 676 [2002]). "The DHCR's interpretation of the statutes and regulations it administers, if reasonable, must be upheld" (*Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal*, 297 AD2d at 676; *see Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal*, 18 NY3d 446, 454 [2012]; *Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal*, 133 AD3d at 766).

Pursuant to 9 NYCRR former 2526.1 (a) (3) (iii), when an apartment is vacant on the base date, the legal rent is the first rent agreed upon by the owner and the first rent-stabilized tenant taking occupancy after the vacancy. The petitioner contends that this provision does not apply here, and that her initial rent should have been lower than $1,700, because Zelig tried to treat the petitioner as a non-rent-stabilized tenant by providing in the lease for a monthly rent of $2,000. Contrary to this contention, under the terms of the lease, the parties agreed to an actual rent of $1,700, which is a lawful stabilized rent. Moreover, as the Supreme Court correctly noted, *Gordon v 305 Riverside Corp.* (93 AD3d 590 [2012]), cited by the petitioner, does not require a different result. In *Gordon*, unlike the instant case, the parties' lease expressly provided for a monthly rent far in excess of the $2,000 threshold, and thus, was not a lawful agreement for a rent-stabilized apartment.

Further, contrary to the petitioner's contention, there is no evidence in this case of a scheme to defraud. "[A] mere allegation of fraud alone, without more, will not be sufficient to require DHCR to inquire further" (*Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.*, 15 NY3d 358, 367 [2010]).

The petitioner's remaining contentions are without merit. Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.