Stahl York Avenue Co., LLC, Petitioner-Landlord-Appellant, 
against
Esther Yang, Respondent-Tenant-Respondent.



Landlord, as limited by its briefs, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Michael L. Weisberg, J.), dated February 24, 2017, which granted tenant's motion for summary judgment dismissing the petition and denied landlord's cross motion for partial summary judgment in a nonpayment summary proceeding.




Per Curiam.
Order (Michael L. Weisberg, J.), dated February 24, 2017, affirmed, with $10 costs.
This nonpayment proceeding, based upon allegations that the premises are exempt from rent regulation due to a high rent vacancy, was properly dismissed. The summary judgment record established that the legal rent for the subject apartment did not reach the $2,000 deregulation threshold in effect during the relevant period (see Rent Stabilization Code [9 NYCRR] § 2520.11[r][4]). While it is not disputed that the apartment was previously subject to rent control and that the rent controlled tenant (Falk) vacated in June 1999, landlord failed to offer evidence corroborating its version of a rental history of the apartment prior to the claimed April 2011 high rent vacancy. Conspicuously absent from the record are DHCR rent registration statements, or even an executed rental agreement with the tenant in occupancy prior to claimed high rent vacancy, Memorial Sloan Kettering. The DHCR registration rent roll report that was submitted was insufficient, since it indicated that the apartment was "TE" or temporarily exempt during the relevant period, a classification landlord now claims was erroneous, contained unexplained time gaps, and indicated neither the tenant or occupant of the subject apartment, the legal rent, or the amount of rent collected.
The Court denied tenant's motion for summary judgment on the counterclaim for rent overcharge, a disposition tenant does not now challenge. To the extent that the court appears to have signaled an intention to utilize the DHCR default formula to determine the rent on the base date, any such determination was premature at this juncture. Any resolution of this issue must await a more developed record (see Gordon v 305 Riverside Corp., 93 AD3d 590, 593 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: March 29, 2018