Thompson Assets LLC, Petitioner-Landlord-Appellant,
against
Salvatore Raffelo and Helen Hannah, Respondents-Tenants-Respondents.



Landlord, as limited by its brief, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Michelle D. Schreiber, J.), entered April 17, 2017, which granted tenants' motion for summary judgment dismissing the petition and denied landlord's cross motion for summary judgment of possession in a holdover summary proceeding.




Per Curiam.
Order (Michelle D. Schreiber, J.), entered April 17, 2017, affirmed, with $10 costs.
Civil Court's consideration of events beyond the four-year statute of limitations was proper, since it was not for the purpose of calculating a rent overcharge, but rather to determine whether the apartment is rent regulated (see East W. Renovating Co. v New York State Div. of Hous. & Community Renewal, 16 AD3d 166 [2005]).
The court's resolution of the coverage issue in tenants' favor and the resultant dismissal of the holdover petition was also proper, there being no showing that the subject apartment was properly deregulated. The former version of Rent Stabilization Code (9 NYCRR) § 2526.1(a)(3)(iii) that was in effect during the relevant period does not support a finding that the apartment was deregulated. The language of that section "necessarily presumes that the first tenant after a vacancy [or temporary exemption] is offered a rent-stabilized lease" (Gordon v 305 Riverside Corp., 93 AD3d 590, 592 [2012]), a contingency which was not satisfied here (see Goldman v Malagic, 45 Misc 3d 37, 39 [App Term, 1st Dept 2014]), since the lease tendered by landlord after the expiration of the temporary exemptiona lease dated October 11, 1999 in the name of nonparty Paul Morgan—- explicitly stated that the apartment was not subject to rent stabilization (see M & E Christopher LLC v Godfrey, 50 Misc 3d 143[A], 2016 NY Slip Op 50229[U] [App Term, 1st Dept 2016]).
Nor does the DHCR rent registration history, which contained unexplained time gaps [*2]over ten years and indicated neither the initial legal rent nor the amount of rent collected for more than twenty years, support landlord's claim of high rent deregulation (see generally Stahl York Ave. Co., LLC v Yang, 59 Misc 3d 131[A], 2018 NY Slip Op 50431[U] [App Term, 1st Dept 2018]).
We similarly reject landlord's unpleaded theory of a "first rent" deregulation, based upon allegations that the prior owner changed the perimeter and outer dimensions of the apartment in or about 1999 (see Matter of Devlin v New York State Div. of Hous. & Community Renewal, 309 AD2d 191 [2003], lv denied 2 NY3d 705 [2004]), since such "new theories of liability that were not previously alleged in the pleadings cannot be raised in opposition to a motion for summary judgment" (Esposito v Larig, 52 Misc 3d 67, 69-70 [App Term, 2d, 11th and 13th Jud Dists 2016]).
We have considered landlord's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 05, 2018