J.H. Goldman, A.H. Goldman, A.P. Goldman, D.G. Kemper, as Executors for the Estate of Lillian Goldman and the Lillian Goldman Family LLC, Petitioner-Landlord-Respondent, 
against
Omer Malagic, Respondent-Tenant-Appellant.




Tenant appeals from an order of the Civil Court of the City of New York, New York County (Phyllis K. Saxe, J.), entered on or about September 24, 2015, after a hearing, which set the legal regulated rent at $1,500 per month commencing November 1, 2007, in a nonpayment summary proceeding.




Per Curiam. 
Order (Phyllis K. Saxe, J.), entered on or about September 24, 2015, reversed, with $10 costs, the court's calculation of the legal regulated rent vacated and matter remanded to Civil Court for further proceedings, including a calculation of the legal regulated rent as of November 1, 2007 and overcharges consistent with the Housing Stability and Tenant Protection Act of 2019 ("HSTPA").
In a prior appeal, we determined that the subject "apartment, though temporarily exempt from rent stabilization during the period of [tenant's] employ..., reverted back to its prior (conceded) stabilized status when the landlord accepted [tenant] as a tenant in his own right after his stint as superintendent had ended [in October 2007]" (Goldman v Malagic, 45 Misc 3d 37, 39 [App Term, 1st Dept 2014]). We further held that landlord did not destabilize the apartment pursuant to the former version of Rent Stabilization Code (9 NYCRR) § 2526.1(a)(3)(iii) applicable during the relevant period, when the parties entered into a free market lease at a rent of $2,000 per month, "since the language of that section 'necessarily presumes that the first tenant after a vacancy is offered a rent stabilized lease [citation omitted], a contingency which was not satisfied here..." Accordingly, the matter was remanded for a determination of the legal regulated rent and the amount, if any, of a rent overcharge award (see Goldman v Malagic, 45 Misc 3d at 40).
Upon remand, Civil Court rendered a decision and order on September 24, 2015 setting an initial or "first rent" of $1,500 per month, which, the court explained, "was based on the average rent for a similarly sized apartment[] at the premises." Tenant appealed, and during the [*2]pendency of the appeal, the New York State Legislature enacted the HSTPA (L 2019, ch 36), which, inter alia, made significant changes in how rents and overcharges should be determined.
Rent Stabilization Law [Administrative Code of City of NY] [RSL] § 26-516 now explicitly provides that a court "shall consider all available rent history which is reasonably necessary" to investigate overcharges and determine the legal regulated rent (RSL § 26-516 [a],[h]), and further sets forth a comprehensive set of nonexclusive records that a court shall consider in determining legal rents and overcharges. Among the documents a court must examine are: (i) rent registration and other records filed with DHCR or other government agencies, regardless of the date to which the information refers; (ii) orders issued by government agencies; (iii) records maintained by the owner or tenants; and (iv) public records kept in the regular course of business by any government agency (see RSL § 26-516[h].
The new statute additionally states that "[n]othing [therein] shall limit the examination of rent history relevant to a determination as to ... whether the legality of a rental amount charged or registered is reliable in light of all available evidence" (RSL § 26-516[h][i]) or "the amount of the legal regulated rent where the apartment was vacant or temporarily exempt on the date six years prior to a tenant's complaint" (RSL § 26-516[h][viii]). These statutory amendments apply to this pending litigation (see Dugan v London Terrace Gardens, L.P., 177 AD3d 1, 8 [2019]; Zitman v Sutton LLC, __ AD3d __, 2019 NY Slip Op 08527 [1st Dept 2019]).
"In view of the comprehensive changes made by the HSTPA with respect to the proper method of calculating legal rents and overcharges, we must remand the matter to the [trial] court so that it can, in the first instance, set forth a methodology consistent with the HSTPA" (Dugan, 177 AD3d at 10; see Fuentes v Kwik Realty LLC, __ AD3d __, 2019 NY Slip Op 08643 [1st Dept 2019]). The legislature has made changes to the law that directly impact this case, and made those changes applicable to this pending litigation (see Dugan, 177 AD3dat 10-11), which, we note, neither of the parties addressed in their appellate briefs.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: January 06, 2020