Matter of Cheng v State of N.Y. Div. of Hous. & Community Renewal (2026 NY Slip Op 01277)

Matter of Cheng v State of N.Y. Div. of Hous. & Community Renewal

2026 NY Slip Op 01277

Decided on March 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026

Before: Moulton, J.P., Pitt-Burke, O'Neill Levy, Michael, Chan, JJ. 

Index No. 155861/23|Appeal No. 6009|Case No. 2025-00340|

[*1]In the Matter of Stephen Cheng, Petitioner/Respondent-Appellant-Respondent,
vState of New York Division of Housing and Community Renewal, Respondent-Respondent, 30 West 88 Realty, LLC, et al., Respondents/Petitioners- Respondents-Appellants.

The Price Law Firm, Melville (Lilly D. Pollak of counsel), for appellant-respondent.
Fotopoulos Law, PLLC, New York (Jordan C. Fried of counsel), for respondents-appellants.
Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Robert Ambaras of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (John J. Kelley, J.), entered on or about January 3, 2025, which denied petitioner/cross-respondent's petition to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR) dated May 11, 2023, to the extent it denied his petition for administrative review of a rent administrator's order dated May 28, 2021 declining to consider his rent overcharge complaint on the basis that the subject apartment was not under its jurisdiction; denied respondents/cross-petitioners' cross-petition to annul the May 11, 2023 determination to the extent it concluded that the subject apartment was not properly deregulated and is rent stabilized; and dismissed the proceeding brought pursuant to CPLR Article 78, unanimously affirmed, without costs.
Supreme Court properly held that DHCR's determination was not arbitrary and capricious (CPLR 7803[3]; Matter of Pell v Board of Educ. Of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). The record establishes that DHCR rationally concluded that the subject apartment was rent stabilized. To avail itself of a "first rent" after a period of temporary exemption, the owner was required to offer the tenant paying that rent a rent-stabilized lease. In the absence of such a lease, neither the first post-exemption rent nor the subsequently increased rents could constitute legal regulated rents (see Matter of AEJ 534 E. 88th, LLC v New York State Div. of Hous. & Community Renewal, 194 AD3d 464, 471 [1st Dept 2021]; Gordon v 305 Riverside Corp., 93 AD3d 590, 593 [1st Dept 2012]; Rent Stabilization Code [9 NYCRR] § 2526.1[a][3][iii]). Nor do we accept owner's argument that the "bridging the gap" methodology was appropriate, as the theoretical vacancy rent resulting from the vacatur of the first tenant after the exemption period was likewise not a legal rent. Because no legal rents were recorded at the time the owner could avail itself of high rent vacancy deregulation, the apartment was not properly deregulated and remains subject to rent stabilization.
Supreme Court also properly concluded that DHCR did not arbitrarily fail to consider alleged indicia of a fraudulent scheme to deregulate, as it considered extensive evidence beyond the four-year lookback period, including contemporaneous registrations and leases (see Matter of Gassama v New York State Dept. of Hous. and Community Renewal, 226 AD3d 589, 589 [1st Dept 2024]). Nor was it irrational, based on that evidence, for DHCR to find that there was no fraudulent scheme to deregulate the apartment such that use of the default formula to calculate rent overcharges would be warranted (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 354-355 [2020]). When an agency's determination is supported by the record, "even if different conclusions could be reached as a result of conflicting evidence," a court "may not substitute its judgment for that of the agency" (Matter of Wadsworth Assoc. LLC v New York State Div. of Hous. and Community Renewal, 242 AD3d 539, 540 [1st Dept 2025] [internal quotation marks omitted]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2026