OPINION OF THE COURT
Martin B. Stecher, J.
Motions under Calendar Nos. 39 and 40 of June 18,1982 are consolidated for disposition.
This is an application by the petitioner managing agent of certain real property for a judgment pursuant to CPLR article 78:
1. Annulling the determination of the respondent New York City Conciliation and Appeals Board (CAB) under which it directed petitioner to refund the brokerage commission it received for locating an apartment for Joseph Licari, tenant, in the subject premises (Opn No. 17,900); and
*81 2. Dismissing with prejudice the complaint (Docket No. 52783-G); or
3. In the alternative, annulling the above CAB determination and directing the CAB to conduct a formal public hearing under Joseph Licari’s administrative complaint.
The petitioner challenges the CAB’s construction of subdivision A of section 62 of the Code of the Rent Stabilization Association of New York City, Inc. (Code) which provides: “The stabilization rents and other requirements provided in this Code shall not be evaded, either directly or indirectly, in connection with the renting or leasing or the transfer of a lease of dwelling units by requiring the tenant to pay or obligate himself for membership or other fees, or by modification * * * of the services furnished or required to be furnished with the dwelling units, or otherwise.”
Robert Abrams, the Attorney-General of the State of New York, has moved for leave, amicus, to file several affidavits and memoranda of law. Intervention, of right, is not claimed. Instead, the Attorney-General contends he should be permitted to present his point of view as to the scope and meaning of subdivision A of section 62 of the Code in order to represent the public interest. The petitioner opposes intervention as unnecessary and prejudicial contending that the Attorney-General is improperly attempting to expand the scope of this proceeding.
Under the facts and circumstances before the court, the intervention is denied. The proposed memoranda of law and affidavits contain “factual” allegations and documents which are not part of the record below and which are only peripherally relevant to the challenged determination. These papers focus on extraneous issues such as the relative size of Sopher’s managing agency business.
The petitioner is a licensed real estate broker who is managing agent for What Cheer Realty Co., the owner of the subject apartment building located at 247 East 28th Street, New York, New York (the Clarendon). Petitioner contends that it is entitled to a broker’s fee when it assists a person to locate an apartment, including an apartment in a building which it manages, such as the Clarendon. Petitioner distinguishes its “Exhibition Hall brokerage office” from the office of the managing agent of the Clarendon.
*82 In his CAB complaint, tenant Licari sought a refund of a $1,044 “commission” he paid to petitioner as the managing agent for the subject premises. The CAB directed petitioner to refund that amount on the ground that the collection of a brokerage fee by an owner or one associated with the owner constitutes an illegal charge in excess of the lawful stabilized rent, a violation of subdivision A of section 62 of the Code. The petitioner argues that the Code has no application to brokers whose commissions are “actually earned” and where the fee is not directly or indirectly received by the owner.
It would defeat the purposes of the rent stabilization program if petitioner’s arguments were accepted by this court, and if the provisions of section 62 of the Code were construed to permit managing agents to collect “broker’s fees” in connection with apartment leases in buildings managed by those agents. The argument that the transaction is independent of the return to the landlord ignores the likelihood that the managing agent’s fees may be affected by the agent’s access to such commissions. The collection by the owner, or by his managing agent, of a fee for the renting of an apartment subverts the stabilization rent in a manner similar to, although more subtle and harder to police than the demand for an excessive initial rental or rent increase.
Accordingly, petitioner’s application is denied. The CAB’s challenged order has a rational basis, and petitioner has failed to demonstrate that the CAB’s determination was made in violation of lawful procedure, was contrary to law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803).
Settle judgment providing that counsel shall promptly serve the tenant, Joseph Licari, by certified mail with a copy of this decision and shall give prompt notice including copies of appropriate papers of any further proceedings in this matter, including any notice of appeal.