Jean v Stennett (2022 NY Slip Op 50618(U))

[*1]

Jean v Stennett

2022 NY Slip Op 50618(U) [75 Misc 3d 143(A)]

Decided on July 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1542 K C

Serge M. Jean, Respondent, 
against
Victoria Stennett, Appellant. 

Davis Ndanusa Ikhlas & Saleem, LLP (Tarik Davis of counsel), for appellant.
Serge M. Jean, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Sandra
E. Roper, J.), entered April 8, 2019. The judgment, insofar as appealed from as limited by the
brief, after a nonjury trial, awarded plaintiff the principal sum of $2,900.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $2,900 from
defendant, his real estate broker and former landlord. Defendant counterclaimed to recover
$5,000, alleging "nonpayment of rent and breach of contract and damage caused to real property
and bounced check."
At a nonjury trial, plaintiff testified that, in March 2018, in connection with his rental of an
apartment which defendant owned, he had paid defendant a $2,400 broker's fee in cash. The
apartment was on the second floor of a two-family house. Plaintiff also testified that he had
deposited $500 into defendant's bank account to be applied towards the cost of a replacement hot
water heater for the house. Plaintiff vacated the apartment in February 2019. He based his claim
to recover the $2,400 broker's fee on a 2019 "Fact Sheet" promulgated by the New York City
[*2]Office of Rent Administration, which prohibits real estate
brokers from collecting brokers' fees "for the rental of an apartment that is owned or managed by
a building owner or property manager with whom the . . . broker . . . is affiliated." 
Defendant testified that she is a licensed real estate broker; that a licensed real estate broker
is entitled to charge a client, such as plaintiff, a broker's fee; and that plaintiff had paid such a
fee. Defendant conceded that she owns the premises, and asserted that she "said" to plaintiff that
she owned the house prior to entering into the agreement. She stated that "as long as you let your
client know that you're saying you're the owner, you can collect your real estate fee." Defendant
further asserted that the apartment is not rent-stabilized, and that the Fact Sheet upon which
plaintiff relied for his claim applies only to rent-stabilized apartments. Defendant did not contest
plaintiff's entitlement to recover the $500 he had paid towards the purchase of the hot water
heater. 
Following the trial, the Civil Court awarded plaintiff the principal sum of $2,900 and
dismissed the counterclaim. As limited by her brief, defendant appeals from so much of the
judgment as awarded plaintiff the principal sum of $2,900.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). 
The prohibition set forth in the Fact Sheet applies to rent-stabilized units (see Rent
Stabilization Code [9 NYCRR] § 2525.1; see also Matter of J.I. Sopher & Co. v
New York City Conciliation & Appeals Bd., 116 Misc 2d 80, 82 [Sup Ct, NY County
1982]). Buildings containing fewer than six housing accommodations are generally exempt from
the Rent Stabilization Code (see Rent Stabilization Code [9 NYCRR] § 2520.11 [d];
see also Matter of Delillo v New York State Div. of Hous. & Community Renewal,
45 AD3d 682, 684 [2007]; 74A NY Jur 2d, Landlord and Tenant § 453). Thus, the
prohibition in the Fact Sheet is inapplicable in this instance. However, that does not end the
analysis as to whether the court's award of $2,400, representing the return of plaintiff's broker's
fee, constituted substantial justice (see CCA 1807).
At the trial, the discussion turned to whether defendant had disclosed to plaintiff that she
owned the apartment. Defendant insisted that she had "said" that fact to plaintiff. However, it is
insufficient for a landlord's agent (see Real Property Law § 443 [1] [a], [o]), or a
tenant's agent (see Real Property Law § 443 [1] [a], [n]), such as defendant herein,
to merely orally disclose an ownership interest in the apartment being rented; the law requires
that a disclosure statement, in the form set forth in Real Property Law § 443 (4) (b), be
provided to the tenant before entering into an agreement (see Real Property Law §
443 [3] [b], [c]). The tenant must either sign the form acknowledging its receipt or, upon the
tenant's refusal to sign, "the agent shall set forth under oath or affirmation a written declaration of
the facts of refusal" (Real Property Law § 443 [3] [e]). The failure to comply with the
statutory disclosure form requirement gives rise to, [*3]among
other things, a private cause of action by the aggrieved party to recover "a penalty of not less than
the amount of money received by [the agent] as [a] commission . . . and not more than four times
the sum so received" (Real Property Law § 442-e [3]). Indeed, on appeal, defendant refers
to article 12-A of the Real Property Law, including sections 442 (2) and 443 (1) (k) thereof, in
support of the proposition that a broker may act as a broker for a property that he or she owns and
is nevertheless entitled to receive a commission for the services rendered. However, defendant
fails to refer to the statutory disclosure form provision of section 443. In view of the foregoing,
we find no basis to disturb so much of the court's judgment as awarded plaintiff a return of the
commission he paid, as it rendered substantial justice between the parties (see CCA 1804,
1807).
Accordingly, the judgment, insofar as appealed from, is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 1, 2022